**PACIFIC BROKERAGE SERVICES, INC., Plaintiff,**

v.

**NATIONAL FINANCIAL SERVICES CORPORATION, Defendant.**

**No. 94 C 1921.**

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 15, 1994.

Stephen Patrick Bedell, Timothy G. McDermott, Gardner, Carton & Douglas, Chicago, IL, for Pacific Brokerage Services, Inc.

Jeffrey Peter DeJong, Robert P. Bramnik, Jill Bess Kaufman, Altheimer & Gray, Chicago, IL, Michael G. Shannon, Phillips, Lytle, Hitchcock, Blaine & Huber, New York City, for National Financial Services Corp.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Pacific Brokerage Services, Inc. brings this declaratory judgment action against defendant National Financial Service Corporation (NFSC), seeking a declaration that NFSC is time-barred from proceeding with its arbitration claim against Pacific. Presently before the court is NFSC's motion to stay or dismiss Pacific's claim and compel arbitration. For the reasons set forth below, we grant NFSC's motion and dismiss this action pending arbitration.

### I. Background

Both Pacific and NFSC are registered securities broker-dealers and members of the National Association of Securities Dealers (NASD). On August 27, 1987, NFSC, acting on behalf of Chase Manhattan Bank, purchased 3,000 shares of Philippine Long Distance Company (PLD) stock from Pacific for $96,000.[1] The share certificates were delivered on September 3, 1987. According to NFSC, the purchase entitled Chase to various rights accruing on the stock, including stock splits and dividends, after the date of purchase. On October 12, 1993, NFSC filed a Statement of Claim with the NASD, asserting that the broker-dealers who had sold NFSC the PLD stock had failed to transfer certain splits and dividends that were declared following the sales.[2] NFSC sought arbitration of its claim pursuant to NASD regulations.

In response to NFSC's claim, Pacific filed the present action, seeking a declaratory judgment that NFSC is precluded from arbitrating its claim. Specifically, Pacific maintains that NFSC's arbitration claim is barred by Section 15 of the NASD Code of Arbitration Procedures, which provides:

> No dispute, claim or controversy shall be eligible for submission to arbitration under this code where six years shall have elapsed from the occurrence or event giving rise to the act or the dispute, claim, or controversy.[3]

NFSC subsequently filed the present motion to stay or dismiss Pacific's action and compel arbitration.

### II. Discussion

■ The only issue presented by the present motion is whether an "occurrence or event" for the purposes of Section 15 of the NASD Code of Arbitration Procedures is measured by the date of the investment, or by some other date.[4] Pacific maintains that

---

1. NFSC also purchased PLD stock in varying amounts from other broker-dealers, including Midland Walwyn Capital Corporation, Fahnestock & Co., Inc., Crowell, Weedon & Co., Edward D. Jones & Co., Shearson Lehman Brothers, Inc., Cresvale International, Inc., Smith Barney Harris Upham & Co., Inc., Regional Clearing corp., and U.S. Clearing Corp.

2. All of the splits and dividends included in the claim are alleged to have occurred in the six years preceding filing of the claim.

3. Pacific also requests a declaration that NFSC's claim is barred by the applicable statute of limitations.

4. The parties do not dispute that Section 15 acts as an eligibility requirement, rather than a stat-

" 'the *occurrence or event giving rise to* the ... claim' (emphasis added) was NFSC's *purchase* of the PLD shares from Pacific on August 27, 1987." Plaintiff's Memorandum in Opposition to Defendant's Motion at 4 (emphasis added). In support, Pacific cites a number of cases which, at least facially, bolster Pacific's claim. For example, in *Edward D. Jones & Co. v. Sorrells*, 957 F.2d 509 (7th Cir.1992), the Seventh Circuit used the date on which the defendants made their investments as the starting date for Section 15's six year period, and concluded that the claims were ineligible for arbitration. Relying on *Sorrells*, this court's colleague, Judge Nordberg, recently concluded that "the Seventh Circuit implicitly held that, for the purpose of NASD Code Section 15, an 'event or occurrence' is the date of investment." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Jana*, 835 F.Supp. 406, 411 (N.D.Ill.1993) (citing *Sorrells*, 957 F.2d at 512)). *See also Dean Witter Reynolds, Inc. v. McCoy*, 853 F.Supp. 1023, 1030–31 (E.D.Tenn.1994) (same) (citing *Sorrells*, 957 F.2d at 512; *Jana*, 835 F.Supp. at 411)). Pacific asserts that the broad language of the above cases is controlling. We disagree.

The applicability of the "rule" stated by *Sorrells* and its progeny is clearly limited by the context in which it has been applied. In each of the above cases, and, indeed, in the remainder of the cases cited by Pacific, the investor challenged the suitability of the investment. For example, in *Jana*, the investors asserted that the broker-dealer's account executive fraudulently misled them as to the nature of the investments he recommended. *Jana*, 835 F.Supp. at 408. Likewise, in *Sorrells*, the investors claimed that the broker-dealers "misrepresented material information as to the nature of the investments." *Sorrells*, 957 F.2d at 510. In

*McCoy*, the investors alleged that the broker-dealer's agent breached his fiduciary duty to them by selecting investments which maximized transaction fees and commissions, to the investors' detriment, and by investing in high risk ventures, contrary to the investors' "primary objectives of safety of principal, steady income and liquidity." *McCoy*, 853 F.Supp. at 1026–27. *See also Smith Barney, Harris Upham & Co. v. St. Pierre*, No. 92 C 5735, 1994 WL 11600, at *2 (N.D.Ill. Jan. 4, 1994) (misrepresenting nature of investments); *Castellano v. Prudential–Bache Securities, Inc.*, No. 90 Civ. 1287 (WCC), 1990 WL 87575, at *1 (S.D.N.Y. June 19, 1990) (misrepresenting deductibility of investment). In short, in all of these cases, the "investments were not suitable on the dates the [investments] were initially purchased." *McCoy*, 853 F.Supp. at 1030. As a result, the date of "the occurrence or event giving rise to the ... claim" was clearly the date of the investment.

■ Here, however, the transaction itself was entirely proper. NFSC does not allege that Pacific violated its obligations to NFSC at the time of the sale of the PLD stock. Indeed, NFSC could not have filed a claim at the time of the sale, because both parties had satisfied their obligations to that point; NFSC had paid $96,000, and Pacific had delivered the share certificates. This was not the case in *Sorrells, Jana,* or the other cases cited above. In those cases, the investor had a claim at the moment the broker-dealer made the unsuitable investment. Here, Pacific's allegedly wrongful acts occurred only after the transaction was settled; absent a crystal ball, NFSC could not have known that Pacific would subsequently breach its obligations to NFSC. Because no "occurrence or event giving rise to ... [a] claim" took place at the time of the sale of

ute of limitations, and is thus not subject to equitable tolling. *See Edward D. Jones & Co. v. Sorrells,* 957 F.2d 509, 512–13 (7th Cir.1992). Nor do the parties dispute that the question of whether Section 15 bars a claim is for this court to decide. *See id.* at 514. We also note that some of the other broker-dealer respondents named in NFSC's claim raised this argument before the NASD. The NASD Director of Arbitration ruled that Section 15 does not bar NFSC's claims to the extent they allege wrongdo-

ing which occurred within the six years preceding the filing of the claim, even if the underlying transactions took place before that period. While the NASD's decision is informative, it is certainly not binding on this court, and we shall independently consider the merits of the parties' arguments. *See id.* at 514 ("[W]hether Section 15 bars a claim from submission to the arbitrators is for the court to decide, and it is irrelevant whether the arbitrators have already ruled on the question.") (footnote omitted).

the PLD stock, we conclude that August 27, 1987 is not the relevant starting date for Section 15's six year time period.

There remain two obvious possibilities for the relevant "occurrence or event:" the date that PLD declared each split or dividend, or the date that NFSC made its demand on Pacific for the splits and dividends. Although NFSC urges the latter, we need not resolve this issue. It is undisputed that all of the splits and dividends, as well as NFSC's demand on Pacific, occurred after October 12, 1987, and therefore within Section 15's six year period. Thus, under either scenario, NFSC is entitled to arbitration of its claims.[5]

### III. Conclusion

For the reasons set forth above, we grant defendant's motion to dismiss this action, and direct the parties to proceed with the arbitration before the NASD. It is so ordered.

---

**5.** In support of its assertion that the date of demand is the relevant starting date, NFSC relies upon the affidavit of securities clearance expert Robert Krol, which Pacific has moved to strike. Because we have not relied on Krol's affidavit, and do not reach the issue it addresses, we deny Pacific's motion to strike as moot.