**MUTUAL SERVICE CORPORATION, a Michigan corporation, and Carol A. Holesha, Plaintiffs,**

v.

**Margaret SPAULDING and Joseph P. O'Connell and James Weber, as Co-Trustees of the Helen Spaulding Trust, Defendants.**

No. 94 C 6463.

United States District Court, N.D. Illinois, Eastern Division.

Dec. 7, 1994.

Opinion Granting in Part and Denying in Part Motion to Alter or Amend Jan. 19, 1995.

Margaret Spaulding and the co-trustees of the Helen Spaulding Trust, Joseph P. O'Connell and James Weber, seeking to vacate an arbitration award, and the defendants have in turn counterclaimed for enforcement of the award. Both MSC and Holesha now move to vacate the arbitration award. Defendants, meanwhile, move to confirm the arbitration award. For the reasons stated in this memorandum opinion and order:

1. MSC and Holesha's motions to vacate the arbitration award are granted. It is hereby ordered that the arbitration award on September 27, 1994 against the plaintiffs is vacated.

2. Defendants' motion to confirm the arbitration award is denied. Defendants' counterclaim to enforce the award is dismissed.

### BACKGROUND

In the spring of 1986, Margaret and Helen Spaulding transferred their investment portfolios to Coleman Richards Equity, a Chicago-based broker-dealer firm. The accounts were assigned to Carol A. Holesha, a registered representative of Coleman Richards. The defendants in this case (claimants in the arbitration case) allege that Holesha then advised the sisters to liquidate substantial portions of their conservative investments and invest the proceeds in high-risk, ill-liquid limited partnerships in real estate, leasing, and oil and gas ventures.

In 1987, Coleman Richards changed its name to River North but Holesha continued to service the two accounts. Later that year, MSC purchased the assets of River North, including the Spaulding accounts. Holesha, who had transferred her license to MSC, remained working on the accounts. The defendants allege that, despite the obvious unsuitability of the investments made by Holesha, MSC failed to make changes to the portfolios and allowed Holesha to continue to manage them. Defendants further allege that Holesha made material misrepresentations and omissions about the limited partnership investments, apparently to disguise the results of the disastrous investments.

Michael H. Moirano, Nisen & Elliott, Chicago, IL, for Mutual Service Corp.

Ronald Francis Geimer, Clausen, Miller, Gorman, Caffrey & Witous, P.C., Chicago, IL, for Carol A. Holesha.

Dale R. Crider, Warren S. Radler, Rivkin, Radler & Kremer, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Mutual Service Corporation ("MSC") and Carol A. Holesha ("Holesha") have sued

Over the course of five years from 1986 through 1990, the Spaulding sisters made seventeen investments which are at issue in this case. Eleven of those investments totaling $189,000 were made prior to March 2, 1987. The other six investments totaling $40,000 were made after March 2, 1987.[1]

On March 2, 1993, Margaret Spaulding and the co-trustees of the Helen Spaulding Trust filed an arbitration demand against Holesha and MSC with the National Association of Securities Dealers ("NASD"). The claimants asserted that Holesha and MSC violated Section 10(b) of the Securities and Exchange Act of 1934 and the NASD's Rules of Fair Practice. Also, they asserted state law claims based on negligence, fraud, and breach of fiduciary duty.

In response to the demand for arbitration, Holesha and MSC filed a motion with the NASD seeking to dismiss the arbitration on the ground that the claim was barred by Section 15 of the NASD's Code of Arbitration Procedure. The plaintiffs argued that Section 15 precluded the claimants from arbitrating any issue relating to any security purchased more than six years before the arbitration was filed (*i.e.*, before March 2, 1987). The Director of Arbitration rejected Holesha's and MSC's interpretation of Section 15. The Arbitration Panel agreed, holding:

> "With respect to any purchases made outside of the six year period (purchases made before March 2, 1987), there are allegations of wrongdoing including misrepresentation and a scheme to defraud in the claimant's response to the motion and in the claim, falling within the six year eligibility period. Therefore, evidence regarding any purchases made prior to March 2, 1987, will be permitted to go to the Panel but only as it relates to allegations of wrongdoing made after March 2, 1987. All allegations of wrongdoing prior to that date relating to these purchases are ineligible for NASD Arbitration."

Later, when Holesha and MSC filed a motion *in limine*, the Panel simply reiterated its former position.

The Arbitration Panel then heard the testimony. On September 27, 1994, the Panel, without articulating its reasoning, awarded Margaret Spaulding $93,900 from Holesha and $23,600 from MSC and awarded the Helen Spaulding Trust $40,500 from Holesha and $21,000 from MSC. The Panel also awarded to the claimants $20,000 in attorneys' fees. The award totalled $199,000.

Holesha and MSC have now filed a complaint seeking to vacate the Panel's award. Both have filed motions to vacate the arbitration award. They make three arguments. First, both Holesha and MSC allege that the arbitration panel clearly exceeded its authority by awarding damages for claims outside the jurisdiction of the NASD arbitration. Second, MSC alleges that the NASD Arbitration Panel exceeded its power by considering, in manifest disregard of the law, the Spaulding defendants' claim that MSC had a duty to determine the suitability of investments made by the Spaulding defendants prior to the time MSC had any account or other relationship with them. Finally, both plaintiffs allege that the Panel exceeded its authority by awarding attorneys' fees in the absence of a statutory or contractual basis for the award. Because the court agrees with the plaintiffs' first argument, the court decides that question and declines to consider the other two, as they are moot.

## I. *DISCUSSION*

The plaintiffs move to vacate the arbitration award on the ground that the Arbitration Panel exceeded its authority pursuant to Section 15 of the NASD Code of Arbitration Procedure. Section 15 provides:

> "No dispute, claim, or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy. This section shall not extend applicable statutes of limitations, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction."

---

1. As will soon be apparent, the March 2, 1987, date is important because it falls exactly six years before March 2, 1993, the date of the filing of the arbitration complaint.

As noted above, the arbitration demand was filed by the Spaulding defendants on March 2, 1993. Pursuant to Section 15, the plaintiffs argue that they cannot be held liable for any investments that were purchased before March 2, 1987. The Spaulding defendants, meanwhile, make two arguments in response: (1) the court should not overturn the arbitrators' decision merely because it disagrees with the arbitrators' interpretations of law or findings of fact; and (2) the arbitrators did not exceed their authority under Section 15.

 The defendants first assert that the court should not review the decision of the Arbitration Panel as to Section 15. However, it is the job of the court and not the arbitrator to define the limits of arbitral jurisdiction. *Edward D. Jones & Co. v. Sorrells*, 957 F.2d 509, 514 (7th Cir.1992). "Thus, whether Section 15 bars a claim from submission to the arbitrators is for the court to decide, and it is irrelevant whether the arbitrators have already ruled on the question." *Id.* Consequently, this court rejects the defendants' first argument and now must decide the merits of the plaintiffs' claim.

The language of Section 15 is clear. No claim shall be eligible for arbitration where "the occurrence or event giving rise to the act or dispute, claim or controversy" took place more than six years before the arbitration claim was filed. The plaintiffs argue that the "occurrence or event" giving rise to the claim is the date of investment. Consequently, plaintiffs assert that because eleven of the seventeen investments were purchased prior to March 2, 1987, any claim with respect to those eleven investments may not be submitted for arbitration. In support, the plaintiffs cite two Seventh Circuit cases that bolster their claim. *PaineWebber Inc. v. Farnam*, 870 F.2d 1286 (7th Cir.1989); *Edward D. Jones & Co. v. Sorrells*, 957 F.2d 509 (7th Cir.1992).

In *Farnam*, a number of customers filed arbitration complaints in October and November of 1986 against PaineWebber and the PaineWebber representative responsible for their account. *Farnam*, 870 F.2d at 1288. The complaint alleged that the customer representative made unsuitable investments and material misrepresentations as to the nature of certain transactions. *Id.* The court found that Section 15 of the NASD Code is an absolute bar to claims submitted for arbitration more than six years after the event which gave rise to the dispute. *Id.* at 1292. Consequently, because the customer representative left PaineWebber's employ in April, 1980, which is over six years before the arbitration complaints were filed, the court held that the investors' claims were barred by Section 15.

In *Sorrells*, investors brought action against a stockbroker and his brokerage firm alleging misrepresentation of material information as to their investments, failure of the firm to properly supervise the broker, and violations of federal securities laws, federal RICO statutes, the Rules of the NASD, and the Rules of the New York Stock Exchange. *Sorrells*, 957 F.2d at 510. The arbitrators entered an award for the investors. The broker and his firm moved in the district court to have the original arbitration award vacated because Section 15 made the claims ineligible for arbitration. The plaintiffs, realizing that more than six years had elapsed from the making of the last of their ten investments to the date they filed suit, argued that Section 15 is a statute of limitations subject to equitable tolling because of the defendants' fraudulent concealment. The Seventh Circuit rejected this argument, declining to reconsider its holding in *Farnam* that Section 15 is an eligibility requirement not subject to tolling. *Id.* at 512. Accordingly, the court held that the claims were not timely filed and thus vacated the arbitration award. *Id.*

In this case, the parties do not dispute that eleven of the seventeen investments were made before March 2, 1987. The defendants argue, however, that the claims that are based on events which took place within the six year period may be arbitrated, regardless of the fact that the securities themselves were purchased more than six years before the arbitration claim was filed. For example, the defendants claim Holesha and MSC had a continuing duty to evaluate the suitability of the securities and to recommend that the investments be liquidated. Because this duty was a continuing one, the defendants

argue that the "occurrence or event" that gave rise to that claim necessarily took place within the six year period provided by Section 15.

■ The issue in this case, thus, is which occurrences or events gave rise to the defendants' claims. Two of my colleagues in this district have held that, for the purpose of Section 15, the "occurrence or event" is the date of investment. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Jana,* 835 F.Supp. 406 (N.D.Ill.1993) (Nordberg, J.); *Smith Barney, Harris Upham & Co., Inc. v. St. Pierre,* No. 92 C 5735, 1994 WL 11600 (N.D.Ill. Jan. 4, 1994) (Marovich, J.). This court agrees with their holdings.

In *Jana,* Merrill Lynch filed an action seeking to enjoin arbitration of a dispute before the NASD. In its arbitration claim, the *Janas'* alleged that they had been fraudulently misled by their Merrill Lynch account executive with respect to six limited partnership investments. Merrill Lynch sought to bar the Janas' claim with respect to two of the investments pursuant to Section 15. Citing *Sorrells,* the court found that, for the purpose of Section 15, the "event or occurrence" is the date of investment. *Jana,* 835 F.Supp. at 411. The court also rejected the Janas' argument that the six year time requirement should be tolled because Merrill Lynch fraudulently concealed the nature of the investment and the harm incurred. *Id.* Accordingly, the court held that the arbitration claims regarding the two investments made prior to the six year period were both untimely. *Id.*

In *St. Pierre,* the plaintiffs brought suit seeking to enjoin an arbitration proceeding. In its arbitration suit, the defendants brought a number of claims including a federal security claim and state law claims based on negligent misrepresentation, fraud, and breach of fiduciary duty. Plaintiffs sought a declaration that defendants' claims were all time-barred. The court found that the events or occurrences that gave rise to all of the defendants claims were the original purchases, which took place well before the six year period. *St. Pierre,* 1994 WL 11600 at *3. Accordingly, the court held that the

defendants' claims were not subject to arbitration. *Id.*

The defendants in this case, meanwhile, urge this court to follow the court's holding in *Pacific Brokerage Services, Inc. v. National Financial Services Corp.,* 864 F.Supp. 61 (N.D.Ill.1994) (Aspen, J.). In that case, the defendant purchased stock from the plaintiffs in August, 1987. According to the defendant, that purchase entitled the buyer to various rights accruing on the stock, including stock splits and dividends. Because the plaintiffs failed to transfer certain splits and dividends that were declared much later, the defendant filed an arbitration claim against the plaintiff with the NASD. The plaintiff brought suit in the district court seeking to enjoin the arbitration proceeding because of the Section 15 time bar. The court framed its only issue as whether an "occurrence or event" for purposes of Section 15 is measured by the date of investment or some other date. *Pacific Brokerage Services,* 864 F.Supp. at 61. The court recognized the rule set out by *Sorrells* and its progeny, which points to the date of investment as the measurement date. *Id.* at 63. However, the court distinguished itself from that line of cases because, in each of those cases, the investor challenged the suitability of his investment. *Id.* Here, the court found that the initial investment was entirely proper and that the first wrongful act by the plaintiffs was their failure to turn over the splits and dividends, which occurred well within the six year period. *Id.* After holding that the relevant starting date for Section 15's six year time period was not the date of investment, the court concluded that the defendant's claims could go to arbitration. *Id.*

■ In this case, Margaret Spaulding and the trustees of the Helen Spaulding Trust clearly challenge the suitability of the investments. Therefore, *Pacific Brokerage Services* does not apply and we follow the *Sorrells* line of cases. As a result, the "occurrence or events" which gave rise to the claims were the initial investments. Eleven of the seventeen investments were made by the Spaulding sisters before March 2, 1987. Consequently, because more than six years elapsed prior to defendants' attempt to arbi-

trate these claims, all the claims with respect to these eleven purchases are time-barred pursuant to Section 15. Furthermore, because Section 15 is an eligibility period and not a statute of limitations, *Sorrells*, 957 F.2d at 512, the defendants' allegations that plaintiffs concealed the fraud and had a continuing fiduciary duty do not toll the six year time requirement. Thus, the Arbitration Panel exceeded its authority when it considered evidence relating to allegations of wrongdoing made after March 2, 1987, regarding purchases made prior to that date. Consequently, the court vacates the Arbitration Panel's award in its entirety.

### CONCLUSION

MSC and Holesha's motions to vacate the arbitration award are granted. It is hereby ordered that the arbitration award on September 27, 1994, against the plaintiffs is vacated. The motion by Margaret Spaulding and the co-trustees of the Helen Spaulding Trust to confirm the arbitration award is denied. Defendants' counterclaim to enforce the award is dismissed.

### MEMORANDUM OPINION AND ORDER ON MOTION TO ALTER OR AMEND

A judgment was entered by this court on December 7, 1994. The defendants now move to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). The defendants ask the court to reconsider its judgment for two reasons: (1) plaintiffs should be bound by the Arbitration Panel's ruling on the scope of its jurisdiction since they accepted the Panel's ruling in a prior proceeding in the district court; and (2) the court should remand the Arbitration Panel's award rather than vacate it since it is undisputed that at least some of the transactions at issue were within the Panel's jurisdiction. The court considers each of the arguments in turn.

█ A motion to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Federal Deposit Insurance Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986). A party may not simply raise arguments which could, and should, have been made before the judgment issued. *Id.* In their first argument, the defendants make another attempt to convince the court that the Arbitration Panel did not exceed its authority. However, that issue has already been decided. This court already held, and still holds, that the Arbitration Panel did exceed its authority when it considered evidence relating to allegations of wrongdoing made after March 2, 1987, regarding eleven purchases made prior to that date. Therefore, the court rejects the defendants' first argument.

Second, the defendants ask the court to remand the matter to the Arbitration Panel to determine the award in light of the court's ruling. Originally, the Arbitration Panel heard evidence concerning seventeen investments made by the defendants. This court held that the Arbitration Panel exceeded its authority when it awarded damages with respect to the eleven investments made prior to March 2, 1987. Now the defendants ask that the court remand the case to the Arbitration Panel. The court agrees. It was never the intention of the court to foreclose the defendants from litigating those claims which were in the Panel's jurisdiction. Accordingly, the court remands the matter to the Panel with the direction that the Panel consider only those claims within its jurisdiction. Specifically, those claims relate only to the six investments which were made after March 2, 1987.

### CONCLUSION

Defendants' motion to alter or amend the judgment is granted in part and denied in part. The court will not reconsider the issue of whether or not the Arbitration Panel exceeded its authority. However, the court does remand the matter to the Arbitration Panel with the direction that the Panel consider only those claims within its jurisdiction.