Loran W. ROBBINS, et al., Plaintiffs–Appellees,

v.

CHIPMAN TRUCKING, INC., Defendant–Appellant.

No. 87–2178.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 20, 1988.

Decided May 12, 1988.

Opinion Published Feb. 3, 1989.*

plaintiffs' cause of action is barred by the applicable six months statute of limitations.

* Pursuant to Circuit Rule 53, this opinion was originally issued as an unpublished order. Plaintiffs subsequently filed a motion requesting that the order be issued as a published opinion. That motion was granted.

Sherman Carmell, Carmell Charone Widmer & Mathews, Chicago, Ill., for defendant-appellant.

Terence G. Craig, Cent. States Law Dept., Chicago, Ill., for plaintiffs-appellees.

Before CUMMINGS, CUDAHY and RIPPLE, Circuit Judges.

CUMMINGS, Circuit Judge.

The plaintiffs are eight trustees of the Central States, Southeast and Southwest Areas Pension Fund established for the benefit of employees. The Pension Fund is a "multi-employer plan" within the meaning of the Employee Retirement Income Security Act of 1974 (ERISA) (29 U.S.C. § 1002(37)(A)). The statutory references in this order include the amendments to ERISA made by the Multiemployer Pension Plan Amendments Act of 1980 (MPPAA) (29 U.S.C. § 1381 et seq.). Plaintiffs filed this suit to collect withdrawal liability allegedly incurred by defendant Chipman Trucking, Inc. Chipman was a party to a collective bargaining agreement between itself and Teamsters Local Union No. 705 that required Chipman to make specified contributions to the Pension Fund when its employees worked pursuant to the collective bargaining agreement. Toward the end of May 1982, Chipman ceased operating as a motor carrier, thereby purportedly initiating a "complete withdrawal" from the Fund under MPPAA Section 4203 (29 U.S.C. § 1383).

On February 1, 1984, Chipman was given the option of paying withdrawal liability in a lump sum of $181,261.58 or by making monthly installments. However, Chipman refused to make such payments to the Pension Fund, so that it was then given a past-due notice and demand on March 1, 1984, and a further demand on September 26, 1984. The complaint asserts that Chipman is in statutory default for its withdrawal liability under MPPAA Section 4219(c)(5) (29 U.S.C. § 1399(c)(5)), causing plaintiffs to seek judgment for $189,441.61 plus interest, court costs and attorney's fees under ERISA Section 502(g)(2) (29 U.S.C. § 1132(g)(2)). Chipman's answer denied liability.

To avoid liability, Chipman asserts that it was entitled to challenge the validity of the assessment through arbitration. The plaintiffs assert that arbitration was not sought within the 60–day time period prescribed by MPPAA Section 4221(a) (29 U.S.C. § 1401(a)) *infra*. Chipman counters that it was not time-barred from arbitration and that in any event the timeliness question should be decided by an arbitrator rather than by the district court. The *amicus curiae* Pension Benefit Guarantee Corporation, assuming that the timeliness question is for the court and that Chipman's demand for arbitration was untimely, submits that Chipman waived its defenses to withdrawal liability by failing to initiate arbitration on a timely basis (Br. 2).

In a memorandum opinion of December 8, 1986, the district court ruled that Chipman did not initiate timely arbitration, so that it waived its right to contest the withdrawal liability. 693 F.Supp. 628. Consequently, summary judgment for $178,404.78 [1] was ultimately entered for plaintiffs. We affirm.

---

**1.** That was the final amount sought by plaintiffs (Chipman App. A–43 and A–45 n. 10). Subsequently the court awarded interest, litigation costs and fees to plaintiffs (*ibid.* A–47) as permitted by MPPAA.

This case is controlled by our recent decision in *Robbins v. B and B Lines, Inc.,* 830 F.2d 648 (1987), where we approved a district court's timeliness determination regarding arbitration by an employer resisting withdrawal liability under this same Pension Fund.

The MPPAA provision with respect to time limitation for arbitration of disputes like this provides as follows:

Either party may initiate the arbitration proceeding within a 60–day period after the earlier of—

(A) the date of notification to the employer under section 1399(b)(2)(B) or

(B) 120 days after the date of the employer's request under section 1399(b)(2)(A).

(29 U.S.C. § 1401(a)(1)).

Here Chipman sent letters on April 9 and May 8, 1984, to the Fund requesting review of the withdrawal payment demand. According to plaintiffs, since the Fund's review response to the April 9 letter was not received by Chipman until September 26, 1984, more than 120 days after Chipman's request for review, the 60–day limitation period to initiate arbitration ran from August 7, 1984 (120 days after April 9) through October 6, 1984, but arbitration was not initiated within that period.

As to Chipman's May 8, 1984 letter, again the Fund's response was not received until September 26, 1984, which was of course more than 120 days from the May 8 letter. Therefore plaintiffs submit that the 60–day limitation period to initiate arbitration commenced on September 5, 1984 (120 days after May 8), and terminated 60 days later on November 4, 1984.[2] Since Chipman had not sought arbitration by that date, it was also time-barred with respect to the May 8 letter.

Because each Fund notification to Chipman under Section 1401(a)(1)(A) was later than the 120 days in Section 1401(a)(1)(B), it was proper to use 120 days as the starting point for adding the 60–day period. Therefore, as shown above, whether the time was computed from the April 9 or May 8 letter, Chipman was barred from seeking arbitration.

■ Chipman admits that the first time it mentioned to the Fund the possibility of seeking arbitration was in a February 19, 1985 letter to the Fund from Chipman's counsel. Three days later he submitted a request for conditional arbitration to the New York regional office of the New York Arbitration Association. In subsequent correspondence, the Fund twice wrote Chipman that its arbitration time had expired in November 1984 (Fund App. A–13–14). We agree that Chipman was statutorily barred from seeking arbitration after that time.

As noted in *B and B Lines,* under the applicable Fund rules covering arbitration, "[t]he commencement of an arbitration proceeding is made by written notice * * * to the Fund and to the Chicago Regional Office of the American Arbitration Association." 830 F.2d at 650–651. Chipman did not write to the American Arbitration Association until February 22, 1985, and never notified the Chicago Regional Office as required by the Fund rules. By any computation, February 22, 1985 was much too late to initiate arbitration.

■ To avoid this result, Chipman contends that it is for the arbitrator, rather than the district court, to determine whether it timely initiated arbitration. However, it originally argued below that the issue of timeliness was for the court rather than the arbitrator.[3] None of the cases on which it now relies for the contrary proposition so holds, and indeed in *B and B Lines* we affirmed the decision of the district court that had itself ruled on the timeliness of an arbitration demand rather than leaving it for the arbitrator. See also *Niagara Paper Corp. v. Paper Industry Pension Fund,* 5 EBC 1496, 1500 (D.Minn. 1983) (holding that it is for the court, not

---

**2.** The district court's first memorandum order considered that the sixty-day limitation period ran from the Fund's September 26, 1984, letter and therefore expired on November 25, 1984

(Chipman App. A–7). Its subsequent orders did not depart from that date.

**3.** Chipman Memorandum in support of its motion for summary judgment, p. 13.

the arbitrator, to decide timeliness of such a demand).

While Chipman relies on *A T & T Technologies v. Communications Workers,* 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986), to support its argument that the timeliness question was for the arbitrator, not the court, that case is not on point. There the Supreme Court held that it was for the arbitrator, not the district court, to interpret Article 20 of the disputed collective bargaining agreement. Nothing in that case or in *I.A.M. Nat. Pension Fund v. Clinton Engines Corp.,* 825 F.2d 415 (D.C.Cir.1987), supports Chipman's argument that it was for the arbitrator to determine whether its request for arbitration was timely under the statute. Chipman also relies on *Teamsters Local 70 v. Interstate Distributor Co.,* 832 F.2d 507 (9th Cir.1987), but there the court merely held that it was for the arbitrator to decide whether the collective bargaining agreement had expired or terminated. The statutory timeliness of a request to arbitrate was not involved.

Chipman's strongest argument derives not from particular decisions under the MPPAA, but from the strong overall policy of the MPPAA mandating arbitration. "Congress' directive [regarding the MPPAA] is clear. *Any* dispute over withdrawal liability as determined under the enumerated statutory provisions *shall* be arbitrated." *Clinton Engines Corp.,* 825 F.2d at 417 (emphasis in original); see also *Teamsters Pension Trust Fund v. Allyn Transportation Co.,* 832 F.2d 502, 504 (9th Cir.1987). Chipman correctly argues that letting the district court, rather than the arbitrator, determine the timeliness of Chipman's arbitration request creates an exception to the strong policy in favor of arbitrating first, but Chipman incorrectly concludes that such an exception violates the policy. Ironically, allowing this exception preserves arbitration as a strong remedy. As Judge Grady noted in his July 2, 1987, opinion, if the question of whether arbitration was waived remained a question for the arbitrator, the time limits in the

statute would be toothless; employers could ignore the 120–day statutory limit for initiating arbitration and then move to dismiss the pension fund's subsequent collection suit, claiming that the matter had to return to the arbitrator for a determination of whether the failure to file constituted a waiver. Our decision allows the statutory time limit to retain its bite. The concern of the MPPAA to provide an expeditious remedy is a limitation on the statute's preference for arbitral decision-making.

The district court's decision that Chipman's request for arbitration was not timely means that it has waived any defenses it may have raised. Since Congress made it mandatory to resolve withdrawal disputes between an employer and a plan sponsor through arbitration (29 U.S.C. § 1401(a)), Chipman cannot bypass arbitration and litigate a defense to a withdrawal liability claim. *Clinton Engines Corp.,* 825 F.2d at 429; *B and B Lines, Inc.,* 830 F.2d at 649; see also *IUE AFL–CIO Pension Fund v. Barker & Williamson,* 788 F.2d 118, 129–130 (3d Cir.1986).

JUDGMENT AFFIRMED.