**EDWARD D. JONES & COMPANY and Gary Aleff, Plaintiffs-Appellees,**

v.

**Duane SORRELLS, Mildred Sorrells and Curt Sorrells, Defendants-Appellants.**

No. 90-3202.

United States Court of Appeals, Seventh Circuit.

Argued May 15, 1991.

Decided March 23, 1992.

**510**

Bruce C. Oetter, (argued), Helen P. Gab, Bryan Cave, St. Louis, Mo., L. Andrew Brehm, James Adducci, Schuyler, Roche & Zwirner, Chicago, Ill., for plaintiffs-appellees.

Paul J. Sussman, (argued), Steven Samson, Sussman & Samson, Chicago, Ill., for defendants-appellants.

Before BAUER, Chief Judge, and COFFEY and FLAUM, Circuit Judges.

COFFEY, Circuit Judge.

This is an appeal of a district court order vacating in part a National Association of Securities Dealers, Inc. ("NASD") arbitration award. Because we agree with the district court's determination that Section 15 of the NASD Code of Arbitration Procedure makes the relevant claims ineligible for NASD arbitration, we affirm.

## FACTUAL BACKGROUND

The essential facts are undisputed. Edward D. Jones & Co. ("Jones") is a St. Louis-based brokerage firm. Gary Aleff ("Aleff") is a stockbroker formerly employed by Jones. Duane and Mildred Sorrells are former customers of Jones'; Curt Sorrells is their son ("the Sorrells"). On August 29, 1988, the Sorrells filed a Statement of Claim with the NASD against Jones and Aleff seeking to recover alleged losses on investments made by the Sorrells through Jones.[1] The Sorrells claimed losses on 12 separate investments, but only ten of those are relevant on this appeal.[2]

The Sorrells' Statement of Claim alleged, *inter alia*, that Jones and Aleff fraudulently misrepresented material information as to the nature of the investments; that Jones failed to properly supervise Aleff (the broker who handled the disputed investments); and that, in their dealings with the Sorrells, Jones and Aleff violated federal securities laws, federal RICO statutes (18 U.S.C. §§ 1961 and 1962), the Rules of NASD, and the Rules of the New York Stock Exchange.

On October 27, 1988, Jones and Aleff filed their Statement of Answer with NASD, denying the claims asserted by the Sorrells. Jones and Aleff also moved to dismiss the Sorrells' claims arising from the McNeil, Petro–Lewis, and Consolidated Capital investments, arguing that those claims arose from investments made more than six years before the Sorrells filed their NASD action and thus were barred from NASD arbitration by Section 15 of the NASD Code.

Jones and Aleff were unsuccessful in their efforts to have the NASD arbitrators consider their Section 15 motion to dismiss prior to the formal hearing on the Sorrells' claims. At the hearing, held on July 20 & 21, 1989, in Chicago, Illinois, Jones and Aleff again argued, pursuant to Section 15 of the NASD Code, that the Sorrells' claims arising from ten of the disputed invest-

---

**1.** Both parties submitted their dispute to NASD for arbitration and agree that the NASD Code of Arbitration Procedure ("the NASD Code") controls its adjudication.

**2.** The relevant investments are: (1) an April 29, 1981 investment of $25,000 in McNeil Real Estate Fund XII ("McNeil"); (2) a July 20, 1981 investment of $32,000 in Consolidated Capital Properties III ("Consolidated Capital"); (3) a May 15, 1981 investment of $30,000 in Petro–Lewis Oil and Gas Limited Partnership ("Petro–Lewis"); (4) a September 21, 1981 investment of

$6,500 in Petro–Lewis; (5) a March 15, 1982 investment of $2,000 in Petro–Lewis; (6) a March 31, 1982 investment of $2,000 in Petro–Lewis; (7) an April 29, 1982 investment of $5,100 in Petro–Lewis; (8) a May 17, 1982 investment of $5,000 in Petro–Lewis; (9) a July 30, 1982 investment of $1,000 in Petro–Lewis; and (10) an August 18, 1982 investment of $13,067 in Petro–Lewis. Jones and Aleff have not challenged the NASD's power to arbitrate claims arising from two other investments the Sorrells made through Jones.

ments were ineligible for arbitration because of late filing.[3] Jones and Aleff were required to present their entire substantive defense to the claims they believed to be barred under Section 15. During closing argument, Jones and Aleff reasserted their Section 15 motion to dismiss. At this time, the arbitrators informed the parties that they had not received Jones' and Aleff's briefs from NASD in support of their Section 15 motion to dismiss.

On August 17, 1989, the arbitrators entered an award for the Sorrells and against Jones and Aleff on the Sorrells' claims arising from the McNeil, Petro–Lewis and Consolidated Capital investments (*see, supra,* footnote 2). The award noted that Jones and Aleff had moved for dismissal based on Section 15, but contained no further discussion of the motion. Jones and Aleff responded by filing a petition in the district court seeking to vacate in part the August 17th award or, alternatively, requesting a remand to the NASD for a hearing on the Section 15 motion. On February 2, 1990, the district court remanded the case to offer the NASD arbitrators a chance to rule on the Section 15 motion to dismiss. The district court ordered the remand pursuant to its authority under the federal Arbitration Act to vacate arbitral awards where a "definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(d).[4]

On June 4, 1990, the NASD responded to the district court's remand by releasing an "Award Clarification" to the parties signed by the arbitrators who had ordered the original award. The Clarification stated that the "motion to dismiss on the basis of the Statute of Limitations" had been "considered and denied" by the arbitrators "[a]t the time the award was entered". A few days later, the Sorrells filed a "Motion for

Clarification" with the NASD asserting that the Award Clarification failed to comply with the district court's February 2, 1990 order in that it failed to set forth the arbitrators' reasoning in denying the Section 15 motion. The Sorrells requested that the arbitrators issue a second Award Clarification, this time making clear their reasoning. In their reply brief, the Sorrells explain that their "Motion for Clarification" was an "attempt to avoid any additional delay and expense" that would necessarily result from further judicial proceedings. Their attempt failed. Jones and Aleff moved in the district court to have the original arbitration award vacated in part or, in the alternative, remanded to a new panel of NASD arbitrators for a ruling on the Section 15 question. On September 11, 1990, the district court ordered the NASD arbitral award vacated as it pertained to the McNeil, Petro–Lewis, and Consolidated Capital investments, holding that Section 15 of the NASD Code made the claims arising from those investments ineligible for NASD arbitration because they were filed late. The Sorrells appeal the district court's order.

## DISCUSSION

The central question presented by this appeal is whether the district court correctly ruled that the Sorrells' disputed claims against Jones and Aleff were rendered ineligible for arbitration by Section 15 of the NASD Code. Section 15 provides that:

"No dispute, claim, or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy. This section shall not extend applicable statutes of limitations, nor shall it apply to any case which

---

**3.** Under Section 15 of the NASD Code, claims must be filed for arbitration no more than six years after the event giving rise to them. In the instant case, the events giving rise to the Sorrells' claims were the ten investments referred to in footnote 2, *supra.* The last of those ten investments was made on August 18, 1982.

**4.** Section 10 of the federal Arbitration Act was amended subsequent to the issuance of the dis-

trict court order from which the Sorrells appeal. *See* Pub.L. 101–552, § 5, 104 Stat. 2745 (1990). The amendment made no substantive change to Section 10(d), the provision relevant to this case; Section 10(d) was simply renumbered. Throughout this opinion, we refer to Section 10(d) as it was numbered at the time the district court orders were issued.

**512**

is directed to arbitration by a court of competent jurisdiction."

More than six years elapsed from the date the Sorrells made the last of the ten investments which gave rise to their claims against Jones and Aleff (August 18, 1982) (*see, supra,* footnote 2) to the date on which they submitted their claims for arbitration (August 29, 1988). Thus, the Sorrells' arbitration claims were not timely filed under Section 15.

The district court, in its September 11th, 1990 order, determined that Section 15 "is an eligibility requirement that must be met in order for a claim to be arbitrable before the NASD. It goes to the very power (i.e. subject matter jurisdiction) of the NASD. It is not a statute of limitations.... Thus, the arbitrators exceeded their authority by considering claims which could not properly be brought before the arbitrators." Although the September 11th district court order makes no explicit mention of the federal Arbitration Act, it is clear from a reading of the order that the court vacated the award pursuant to its authority under § 10(d) of the Act. That provision authorizes district courts to vacate arbitration awards "[w]here the arbitrators exceeded their powers...." 9 U.S.C. § 10(d).

■ The district court relied on our opinion in *PaineWebber Incorporated v. Farnam,* 870 F.2d 1286 (7th Cir.1989) in finding that the arbitrators had exceeded their authority. In *PaineWebber* we held that,

"... the NASD reads Section 15 of the NASD Code to be an eligibility requirement rather than a statute of limitations. Letter from John R. Wylie, NASD Staff Attorney, to Walter C. Greenough (August 5, 1988) ("In other words, the NASD will not process a claim that falls wholly outside the six year period"). Section 15 therefore serves as an absolute bar to claims submitted for arbitration more than six years after the event which gave rise to the dispute."

*Id.* at 1292. We decline to reconsider our explicit holding in *PaineWebber* that NASD Section 15 operates as an eligibility requirement which bars from arbitration claims submitted more than six years after the event which gave rise to them. Because more than six years elapsed from the date the Sorrells made the last of the ten investments which gave rise to their claims against Jones and Aleff to the date on which they submitted their claims for arbitration, the district court correctly ruled that Section 15 rendered these claims ineligible for arbitration.

The Sorrells' attempts to evade the precedential effect of *PaineWebber* by distinguishing it are unpersuasive. In *PaineWebber,* the plaintiff (like Jones, a securities brokerage firm) filed a motion for declaratory judgment in the district court alleging that certain arbitration claims brought by the defendants (like the Sorrells, customers of a securities brokerage firm) were ineligible for arbitration under Section 15 of the NASD Code. The securities firm moved for summary judgment on this issue. The customers moved for summary judgment on the ground that the Section 15 issue had been decided in a parallel state action. The district court agreed with the customers, and ruled that the "law of the case" doctrine required it to enter summary judgment for the customers on the securities firm's declaratory action. On appeal, we held that the district court was in error when it concluded that the state proceeding had resolved the Section 15 question. Moving to the merits of the issue, we held that Section 15 operated as an eligibility requirement, and not as a statute of limitations, and therefore barred claims not submitted for NASD arbitration within six years of the event which gave rise to them. Thus, we reversed the district court and ordered entry of summary judgment in favor of the securities firm.

The Sorrells argue that *PaineWebber* is inapplicable to their claims because it did not involve allegations of fraudulent concealment like those the Sorrells made against Jones and Aleff. Where fraudulent concealment is present, the Sorrells maintain, the doctrine of equitable tolling suspends the running of the limitations period. This argument assumes that Section 15 operates as a statute of limitations and is thus subject to tolling. In *PaineWebber,*

however, we explicitly held that Section 15, which defines which claims "shall be *eligible* for submission for arbitration" (emphasis added), *is an eligibility requirement and not a statute of limitations and thus cannot be tolled.* 870 F.2d at 1292.

■ The Sorrells argument that Section 15 is actually a statute of limitations subject to tolling is premised on a misinterpretation of the significance of an October 1, 1984 amendment to Section 15. Before 1984, Section 15 provided that,

"No dispute, claim, or controversy shall be eligible for submission to arbitration under this Code in any instance where six (6) years shall have elapsed from the occurrence or event giving rise to the act or the dispute, claim or controversy. This Section shall not extend applicable statutes of limitations."

The 1984 amendment deleted the words "in any instance" and added at the end of the section the phrase "nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction." The Sorrells argue that the deletion of the words "in any instance" demonstrates that the purpose of the 1984 amendment to Section 15 was to remove "the absolute time-bar" from the NASD Code and allow it to mirror state statutes of limitations.

The error in this reading of the amended Section 15 can be demonstrated by considering another change made to the NASD Code by the same 1984 amendment. In its 1984 amendment, NASD added the following provision to Section 18 of its Code:

"(b) The six (6) year time limitation upon submission to arbitration shall not apply when the parties have submitted the dispute, claim or controversy to a court of competent jurisdiction. The six (6) year time limitation shall not run for a such period as the court shall retain jurisdiction upon the matter submitted."

Read together with the addition to Section 15 stating that Section 15 shall not apply "to any case which is directed to arbitration by a court of competent jurisdiction," the effect of the 1984 amendment is clearly to allow a claim *properly before a court* to be directed to arbitration even if the six year limitation has run *if the court so directs.* Only then, is the Section 15 six year bar lifted.

Our interpretation of the effect of the 1984 amendment is precisely the one the NASD itself advanced in proposing the change. The NASD stated that

"... [t]he proposed amendment to the Code's time limitation provision would permit *a court which has jurisdiction over a claim to direct that the claim be resolved by arbitration.* Currently, if the claim is six years old or more, the [NASD] and other self-regulatory organizations could not accept the matter for arbitration. The proposed rule should make the Code's time limitation co-extensive with various state statutes of limitations and permit all securities-related disputes *which are eligible for a judicial disposition* to be resolved by arbitration."

Securities and Exchange Commission, Form 19b–4, Proposed Rule Change by NASD, File No. SR–NASD–84–16, pp. 8–9 (emphasis added). Moreover, the Securities and Exchange Commission, in its order approving the 1984 amendment, clearly stated that the amendment would "extend the time limitation on arbitration of claims to allow arbitration of claims over six years old if a court with jurisdiction over the claim directs that the claim be resolved by arbitration." Securities and Exchange Commission, Volume 31, No. 7, Commerce Clearing House SEC Docket 378, Release No. 21295, September 7, 1984.

■ This interpretation is consistent with a common sense reading of the amended Section 15. Section 15's first sentence states that certain claims (those older than six years) are not eligible for arbitration. Its second sentence limits the first sentence's effect by exempting from its reach "any case which is directed to arbitration by a court of competent jurisdiction." Thus, Section 15's bar on all claims older than six years is removed only if a court with jurisdiction over the claim orders the matter be submitted to arbitration. The Sorrells did not present their claims to a court, however. They voluntarily chose

to submit them to NASD arbitration. Thus, this exception to Section 15's jurisdictional bar is inapplicable to their claims.

We note that our reasoning in *Paine-Webber* met with approval in the Third Circuit in a case involving the interpretation of a New York Stock Exchange Department of Arbitration Rule identical to NASD Section 15. The Third Circuit concluded, relying in part on our reasoning in *Paine Webber*, that the Arbitration Rule operated as an eligibility requirement barring claims older than six years from arbitration. *See Paine Webber, Incorporated v. Hartmann*, 921 F.2d 507, 513 (3rd Cir. 1990). In making that determination, the Third Circuit panel rejected an argument, similar to the one advanced by the Sorrells, that the Arbitration Rule was not a substantive limitation on the agreement to arbitrate, but rather a "procedural requirement—a statute of limitations of sorts" subject to the arbitrators' jurisdiction. *Id.* at 512.[5]

∎ ▮ The Sorrells make one other attempt to distinguish *Paine Webber*. They argue that it should not be applied on these facts because in that case, unlike in the instant one, the arbitrators never ruled on the Section 15 question. This distinction is irrelevant. *Paine Webber* holds, as we do today, that Section 15 is an eligibility requirement that bars certain claims from arbitration. Section 15 limits the range of disputes the parties contractually agreed to arbitrate, thus limiting the jurisdiction of the NASD arbitrators. The Supreme Court has made clear that defining the limits of arbitral jurisdiction is generally the function of courts, not arbitrators. "Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." *AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 649, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986). *See also Niro v. Fearn International, Inc.*, 827 F.2d 173, 175 (7th Cir.1987). The Sorrells have been unable to point to any evidence in the record demonstrating that the parties intended to allow the arbitrators to define their own jurisdiction.[6] Thus, whether Section 15 bars a claim from submission to the arbitrators is for the court to decide, and it is irrelevant whether the arbitrators have already ruled on the question.[7] This conclusion is consistent with *Robbins v. Chipman Trucking, Inc.*, 866 F.2d 899 (7th Cir.1988). In *Robbins*, we held that it was for the district court, not the arbitrator, to determine whether a request for arbitration was timely under a provision of the Multiemployer Pension Plan Amendments Act of 1980 (29 U.S.C. § 1401(a)(1)). *Id.* at 901–902.

## CONCLUSION

The district court's order vacating in part the NASD arbitral award on the grounds that Section 15 of the NASD Code rendered the disputed claims ineligible for arbitration is AFFIRMED.

---

5. *Cf. Miller v. Prudential Bache Securities, Inc.,* 884 F.2d 128 (4th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 3240, 111 L.Ed.2d 751 (1990) (upholding decision of a NASD arbitral panel to dismiss claims pursuant to a state statute of limitations and stating that even if the arbitrators had misapplied NASD Section 15 the court would still uphold arbitrator's judgment.)

6. NASD Code Section 35 does provide that the "arbitrators shall be empowered to interpret and determine the applicability of all provisions under this Code which interpretation shall be final and binding upon the parties." However, we do not believe that this provision is a clear and unmistakable expression of the parties' intent to have the arbitrators, and not the court, determine which disputes the parties have agreed to submit to arbitration. *See AT & T,* 475 U.S. at 649, 106 S.Ct. at 1418.

7. This reasoning disposes of the Sorrells' argument, unsupported by citations to case law, that Jones and Aleff, by moving before the arbitrators to have the ten disputed claims dismissed pursuant to Section 15, conceded the arbitrators' jurisdiction to determine the appropriate interpretation of Section 15. A party's efforts to alert an arbitration panel to its lack of jurisdiction over some of the claims before it is not a waiver of that party's substantive right to have a federal court determine the scope of the arbitrators' jurisdiction.