**SMITH BARNEY INC. and Sharon Michalsky, Plaintiffs–Appellees,**

v.

**Donald J. SCHELL, Individually and as Trustee for the Benefit of the Donald J. Schell Trust, et al., Defendants–Appellants.**

No. 94–3584.

United States Court of Appeals, Seventh Circuit.

Argued April 3, 1995.
Decided April 27, 1995.

H. Nicholas Berberian (argued), Robert J. Mandel, Neal, Gerber & Eisenberg, Chicago, IL, for plaintiffs-appellees.

Phillip Fertik (argued), Ronald A. Schy, Beigel, Schy, Lasky, Rifkind, Goldberg & Fertik, Chicago, IL, for defendants-appellants.

Before BAUER, FLAUM, and KANNE, Circuit Judges.

FLAUM, Circuit Judge.

Defendants Donald and Michelle Schell appeal the district court's issuance of a permanent injunction barring them from asserting certain claims against plaintiff Smith Barney in arbitration proceedings and from seeking punitive damages on any remaining claims. In light of our clear circuit precedent and the recent Supreme Court decision in *Mastrobuono v. Shearson Lehman Hutton, Inc.,* — U.S. ——, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995), we now affirm in part, reverse in part, and remand.

Between August, 1985, and December, 1986, Donald J. Schell and Michelle G. Schell, both individually and on behalf of their trusts, opened accounts with Shearson Lehman Brothers Inc. ("Shearson"), a predecessor of Smith Barney. The Schells and Shearson executed a "Customer's Agreement" and two "Client Agreements." In those agreements, the Schells expressly agreed that they would resolve any disputes in accordance with the rules of three arbitration forums, including the National Association of Securities Dealers, Inc. ("NASD") and that New York Law would govern these disputes.

Despite this agreement to arbitrate, in December, 1993, the Schells sued Smith Barney in Florida state court, alleging fraud and breach of fiduciary duty. Smith Barney filed a Motion to Dismiss, or in the alternative, to Abate the Florida action in its entirety, on the grounds that the parties had entered into a valid arbitration agreement. The Motion also asserted that any claims not submitted to arbitration within six years of the events giving rise to those claims were not eligible for arbitration. On May 16, 1994, the Florida court entered an order dismissing the case in its entirety, without compelling the parties to arbitrate.

The Schells then filed a Statement of Claim with the NASD alleging fraud and breach of fiduciary duty, and asking for compensatory and punitive damages. On September 7, 1994, Smith Barney responded by filing this action pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, seeking injunctive and declaratory relief in order to enforce the parties' arbitration agreement in accordance with its terms. First, Smith Barney argued that almost all of the Schells' claims arose out of events that occurred before August 5, 1988—over six years prior to the filing of the arbitration—therefore barring those claims under Section 15 of the NASD Code of Arbitration Procedure ("NASD Code"). Section 15 of the NASD Code, incorporated by reference in the parties' arbitration agreement, provides that:

No dispute, claim, or controversy shall be eligible for submission to arbitration under

this Code where six (6) years shall have elapsed from the occurrence or event giving rise to the act or dispute, claim or controversy. This section shall not extend applicable statutes of limitations, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction.

Second, relying on our decision in *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 20 F.3d 713 (7th Cir.1994), *rev'd* —— U.S. ——, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995), Smith Barney contended that punitive damages were not available under the governing New York law. The district court granted the motion for a permanent injunction, barring arbitration of the claims based on purchases made over six years before the Schells filed for arbitration and barring arbitration of their remaining claims for punitive damages. The Schells then appealed.

The Schells first argue that the issue of whether certain claims should be arbitrated is one for the arbitrator, not the court, to decide. Conceding that Section 15 of the NASD Code operates as a time bar, they argue that time bar clauses are procedural in nature and thus should not be interpreted by courts as substantive bars to arbitration. *See PaineWebber Inc. v. Hartmann*, 921 F.2d 507, 512 (3d Cir.1990).

■ We previously have decided this issue, concluding that Section 15 is a substantive "eligibility requirement" properly decided by the courts. *Edward D. Jones & Co. v. Sorrells*, 957 F.2d 509 (7th Cir.1992); *Paine-Webber, Inc. v. Farnam*, 870 F.2d 1286 (7th Cir.1989). Relying on *AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 649, 106 S.Ct. 1415, 1418–19, 89 L.Ed.2d 648 (1986), and our previous decision in *Farnam*, we expressly held in *Sorrells* that "whether Section 15 bars a claim from submission to the arbitrators is for the court to decide." *Sorrells*, 957 F.2d at 514.

The Schells attempt to avoid *Sorrells* and *Farnam* in two ways. They first argue that Smith Barney's use of these cases as a shield from liability, coupled with the previous dismissal of the Florida state court action is unfair and leaves them without any legal options. However, had the Schells filed their claims within the six year eligibility period, complying with the terms of the agreement, they would not be, as they contend, in "a box that [they] never bargained for." Second, the Schells maintain that these cases were wrongly decided and ask us to overturn them. In that *Sorrells* and *Farnam* are well grounded in Supreme Court and circuit authority, and continue to be persuasive, we decline the Schells' invitation to revisit those cases.

■ Finally, the Schells also argue that punitive damages are in fact available in arbitration. Subsequent to the district court's disposition and the filing of briefs on this appeal, the Supreme Court decided *Mastrobuono v. Shearson Lehman Hutton, Inc.*, —— U.S. ——, 115 S.Ct. 1212, 131 L.Ed.2d 76 (1995), reversing this court and holding that a contract between a securities brokerage firm and customers permitted an arbitration panel to award punitive damages. *Mastrobuono* is directly on point; indeed the instant case concerns an arbitration clause identical to the one in *Mastrobuono*. Thus, we must reverse the district court's injunction prohibiting the arbitration panel from considering claims for punitive damages.

For the foregoing reasons we AFFIRM in part and REVERSE and REMAND in part for proceedings consistent with this opinion.