**GENEVA SECURITIES, INC.,**
**Plaintiff–Appellant,**

v.

**Robert W. JOHNSON and Marilyn J. Johnson, Defendants/Third– Party Plaintiffs–Appellees,**

v.

**Curtis R. LEVALLEY, Third–Party Defendant–Appellant.**

Nos. 97–1483, 97–1565.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 29, 1997.

Decided March 11, 1998.

Paul F. Donahue (argued), Joshua R. Rich, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, IL, for Geneva Securities, Inc. in No. 97–1483.

Dennis C. Waldon (argued), Lavin & Waldon, Chicago, IL, for Robert W. Johnson and Marilyn J. Johnson in Nos. 97–1383 & 97–1565.

Paul F. Donahue (argued), Seyfarth, Shaw, Fairweather & Geraldson, Chicago, IL, for Geneva Securities, Inc. in No. 97–1565.

Howard S. Suskin, Jenner & Block, Chicago, IL, for Curtis R. Levalley in No. 97–1565.

Before FLAUM, RIPPLE and EVANS, Circuit Judges.

FLAUM, Circuit Judge.

Geneva Securities, Inc. ("Geneva"), an Illinois corporation, and Curtis R. Levalley appeal the district court's denial of their request to vacate or remand an arbitration panel's award in favor of Robert and Marilyn Johnson. They also appeal the district court's concomitant confirmation of the Johnsons' award. Because the district court's decision conflicts with our clear precedent, we now reverse and remand.

Levalley served as an investment advisor and stock broker for the Johnsons beginning in 1981. During most of the period between 1985 and 1991, Levalley worked for Geneva as a registered representative. In September 1993, the Johnsons filed an arbitration claim with the National Association of Securities Dealers, Inc. ("NASD") against the appellants. Geneva, as a member of the NASD, was required by the NASD's Bylaws to submit to arbitration to resolve the Johnsons' claim.

The Johnsons alleged that Levalley had misrepresented to them that certain investments made on their behalf were safe, insured, and consistent with the Johnsons' investment objectives. The Johnsons claimed violations by Geneva and Levalley of the federal and Illinois securities laws, and they

also asserted several common-law claims. Levalley's misrepresentations, the Johnsons claimed, caused losses to their investment accounts of over $150,000, which was the minimum amount that they sought in damages from the arbitration panel. On March 25, 1996, the arbitration panel issued an award in the Johnsons' favor of $155,000; $80,000 of that award was entered against Geneva and Levalley jointly and severally, while the remaining $75,000 was entered against Levalley's subsequent employer, a brokerage firm that is not a part of this appeal.

Geneva argued before the arbitration panel that one of the eight investments attributable to Geneva and submitted by the Johnsons for arbitration, RAL Yield + Equities Limited Partnership ("RAL"), was not eligible for arbitration. The Johnsons' total investment in RAL was $25,000; their claimed losses were approximately $8,000. The appellants' eligibility argument was premised upon Section 15 of the NASD Code of Arbitration Procedure ("NASD Code"), which provides:

> No dispute, claim, or controversy shall be eligible for submission to arbitration under this Code where six (6) years shall have elapsed from the occurrence or event giving rise to the act or dispute, claim, or controversy. This section shall not extend applicable statutes of limitations, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction.

In this case, the "occurrence or event" giving rise to the Johnsons' claim was the date that Levalley made the RAL investment for the Johnsons. This was either (the evidence is unclear on this issue) January 9, 1986, or January 9, 1987. In either case, more than six years elapsed before the Johnsons filed their arbitration claim in September of 1993. The appellants accordingly argued before the arbitration panel that the RAL claim was ineligible. The panel noted at the hearing that it would take under advisement the appellants' eligibility claim. However, when the panel issued its award in the Johnsons' favor the following March, the statement accompanying the award listed RAL as one of the claims that had been submitted for arbitration. Further, the panel did not indicate its decision regarding the appellants' motion to dismiss the RAL investment as time-barred; nor did it indicate the extent to which it had relied on RAL, or any of the particular investments, to arrive at the $80,000 figure entered against the appellants.

Geneva subsequently filed suit in the district court, requesting that the court either vacate the arbitration panel's award or remand the dispute to the arbitration panel for clarification pursuant to § 10(a)(4) of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a)(4). The Johnsons concurrently sought confirmation of the award under § 9 of the FAA. Although the court agreed with Geneva that the RAL investment was ineligible for arbitration, it denied Geneva's motion to vacate or remand. The court relied on general principles favoring arbitration, as well as the judicial recognition that, without more, courts should affirm ambiguous awards or awards not accompanied by written justifications. See, e.g., Shearson Hayden Stone, Inc. v. Liang, 653 F.2d 310, 312 (7th Cir.1981) ("The arbitrators gave no reasons for their award, but they are not required to do so."). The district court implicitly imposed a burden of persuasion upon the appellants to demonstrate that the arbitration panel had, in fact, relied on the RAL investment in fashioning its award: "[E]ven though [the appellants'] claim relative to the RAL investment was dispositive relative to the eligibility of that investment for arbitration, [the appellants] have not demonstrated that the arbitrators deliberately disregarded or rejected their claim in this respect." Because the arbitration panel's award was merely ambiguous as to whether it had considered the RAL investment, the district court found itself constrained to reject the appellants' argument that the arbitration panel had exceeded its powers by considering this ineligible investment.

On appeal, the Johnsons first argue that, in reviewing the district court's confirmation of their award, we should apply the same "limited" and "deferential" standard of review that the district court deemed appropriate in this case. See, e.g., Baravati v. Josephthal, Lyon & Ross, Inc., 28 F.3d 704,

706 (7th Cir.1994) (describing judicial review of arbitral awards as "tightly limited"); *Moseley, Hallgarten, Estabrook & Weeden, Inc. v. Ellis*, 849 F.2d 264, 272 (7th Cir.1988) (explaining that a limited standard of review is consistent with arbitration's policy of "enabl[ing] parties to resolve disputes promptly and inexpensively, without resort to litigation") (internal quotation omitted). While we agree that "courts grant arbitrators considerable leeway when reviewing *most* arbitration decisions," *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 948, 115 S.Ct. 1920, 1926, 131 L.Ed.2d 985 (1995) (emphasis added), it is a longstanding principle that "[u]nless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." *AT & T Techs., Inc. v. Communications Workers*, 475 U.S. 643, 649, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986). Moreover, in reviewing the district court's confirmation of an arbitration award, we accept findings of fact that are not clearly erroneous, and we decide questions of law de novo. *See First Options*, 514 U.S. at 948, 115 S.Ct. at 1926.

The Supreme Court's *Steelworkers Trilogy* makes clear a "first principle" of federal arbitration law: "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960); see also *United Steelworkers v. American Mfg. Co.*, 363 U.S. 564,

570–71, 80 S.Ct. 1363, 1364–65, 4 L.Ed.2d 1432 (1960) (Brennan, J., concurring). In this context, the sole question of law applicable to this appeal is the question of arbitrability: whether the parties have agreed to arbitrate whether certain claims are time-barred by Section 15, making appropriate the "limited" review of the merits of the arbitrators' decision. If the court determines that they have not so agreed, then the court must determine whether a claim is in fact time-barred, "just as it would decide any other question that the parties did not submit to arbitration, namely, independently." *First Options*, 514 U.S. at 943, 115 S.Ct. at 1923.

■ We previously have decided this particular question of arbitrability on a number of occasions, holding that when parties arbitrate under the NASD Code, "Section 15 is a substantive 'eligibility requirement' properly decided by the courts." *Smith Barney Inc. v. Schell*, 53 F.3d 807, 809 (7th Cir.1995); *Edward D. Jones & Co. v. Sorrells*, 957 F.2d 509, 514 (7th Cir.1992) ("[W]hether Section 15 bars a claim from submission to the arbitrators is for the court to decide, and it is irrelevant whether the arbitrators have already ruled on the question."); *PaineWebber Inc. v. Farnam*, 870 F.2d 1286, 1292 (7th Cir.1989) ("Section 15 therefore serves as an absolute bar to claims submitted for arbitration more than six years after the event which gave rise to the dispute.").[1] Although the appellants strongly asserted the applicability of this precedent before the district court,[2] the court inexplicably ignored it and applied a deferential standard of review to

---

**1.** We note that there exists a split among our sister circuits regarding whether courts or arbitrators should apply the time bar of Section 15. The Third, Sixth, Tenth and Eleventh Circuits concur with our view that this issue is a question of arbitrability to be determined by the court. *See, e.g., Smith Barney, Inc. v. Sarver*, 108 F.3d 92 (6th Cir.1997); *Cogswell v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 78 F.3d 474, 478–81 (10th Cir.1996); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Cohen*, 62 F.3d 381, 383–84 (11th Cir.1995); *PaineWebber Inc. v. Hofmann*, 984 F.2d 1372, 1378 (3d Cir.1993). Five other circuits, however, have held that the arbitrator decides the applicability of the time bar posed by Section 15. *See, e.g., PaineWebber Inc. v. Elahi*, 87 F.3d 589, 599 (1st Cir.1996); *PaineWebber Inc. v. Bybyk*, 81 F.3d 1193, 1196–99 (2d Cir.1996); *Smith Barney Shearson, Inc. v. Boone*, 47 F.3d 750, 753–54 (5th Cir.1995); *FSC Sec. Corp.*

*v. Freel*, 14 F.3d 1310, 1312–13 (8th Cir.1994); *O'Neel v. National Ass'n of Sec. Dealers, Inc.*, 667 F.2d 804, 807 (9th Cir.1982). While we are not inclined in any event to reconsider our holding affirmed most recently in *Schell*, such reconsideration would be particularly inappropriate in this case, for the Johnsons have not requested that we overrule these cases. At oral argument, counsel for the Johnsons argued that the Court could affirm the district court without overruling this line of precedent.

**2.** In this context, we note that the Johnsons raise several different arguments that the appellants waived certain arguments by not raising them in the district court. We have considered these arguments and the arguments made by the appellants in the district court. We reject the Johnsons' waiver arguments as insupportable. In

the arbitration panel's award. It is clear, however, that this standard of review applies only to matters that the parties have agreed to arbitrate. *See First Options,* 514 U.S. at 943, 115 S.Ct. at 1923. "After all, the basic objective in this area is not to resolve disputes in the quickest manner possible, no matter what the parties' wishes, but to ensure that commercial arbitration agreements, like other contracts, are enforced according to their terms, and according to the intentions of the parties." *Id.* at 947, 115 S.Ct. at 1925 (citations and internal quotations omitted). Absent an independent agreement between Geneva and the Johnsons to the contrary, our precedent dictates that the parties did not agree to arbitrate the question of whether a claim was time-barred by Section 15.

◼ The Johnsons do not contest the district court's factual finding that the RAL investment was, in fact, barred by Section 15. Although this investment was accordingly ineligible for arbitration, the arbitration panel failed to address whether it relied upon the RAL investment in fashioning the Johnsons' award. Without disrupting the traditional presumptions that "[a] mere ambiguity in the opinion accompanying an award, which permits the inference that the arbitrator may have exceeded his authority, is not a reason for refusing to enforce the award," *United Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 598, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960), and that "an arbitrator is simply not required to state the reasons for his decision," *Eljer Mfg., Inc. v. Kowin Dev. Corp.,* 14 F.3d 1250, 1254 (7th Cir.), *cert. denied,* 512 U.S. 1205, 114 S.Ct. 2675, 129 L.Ed.2d 810 (1994), we stress that arbitrators must make clear the matters that are deemed submitted for arbitration. Otherwise, the courts, which are empowered to decide arbitrability absent a "clear and unmistakable" contrary intent, *see First Options,* 514 U.S. at 944, 115 S.Ct. at 1924, are powerless to determine whether an arbitrator exceeded the scope of the parties' agreement by considering matters not eligible for arbitration.

◼ Unlike the district court, we do not believe that the party challenging the eligibility of a matter for arbitration faces a burden of persuasion when arguing in the district court that an ineligible matter figured in determining an arbitration award. The general presumption in favor of arbitration compels courts to affirm even the most general awards. *See, e.g., Eljer,* 14 F.3d at 1254. In cases involving multiple claims, however, such awards provide little basis for courts to determine whether an award was based, at least in part, upon claims that the parties never agreed to arbitrate. Imposing a burden of persuasion in this context, therefore, would undermine our basic objective of ensuring that arbitration agreements "are enforced according to their terms". *See First Options,* 514 U.S. at 947, 115 S.Ct. at 1925 (internal quotations omitted). In the instant case, it is sufficient for the appellants to show that the Johnsons submitted an ineligible claim for arbitration, and that the arbitration panel may have relied upon that claim in fashioning its award. Accordingly, we hold that the panel exceeded its powers in issuing an award that relied upon an investment not eligible for arbitration. *See* 9 U.S.C. § 10(a)(4).

The Johnsons originally filed their arbitration claim in September 1993. More than four years later, the parties continue to litigate a dispute that concerns, at most, 10% of the $80,000 in damages awarded to the Johnsons. It is apparent to the Court that the policy consideration supporting arbitration—namely, the speedy and inexpensive resolution of disputes—has been ill-served in this case. "Arbitration is supposed to permit quick and cheap decision. Litigation like this defeats that purpose." *Widell v. Wolf,* 43 F.3d 1150, 1151 (7th Cir.1994). Regrettably, we now reverse the judgment of the district court, with instructions to remand the cause to the NASD arbitration panel. The district court shall instruct the arbitration panel to clarify its jurisdiction over the prior arbitration and, if necessary, to modify its award in accordance with this opinion. Costs on appeal are hereby awarded to the appellants.

---

addition, the Johnsons raise a poorly formulated mootness argument that is equally insupportable.