In the
United States Court of Appeals
For the Seventh Circuit

No. 99-1716

J.E. Liss & Company and Dennis Waisman,

Plaintiffs-Appellees,

v.

Harold A. Levin,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 98 C 385--J. P. Stadtmueller, Chief Judge.

Argued November 8, 1999--Decided January 10, 2000

Before Posner, Chief Judge, and Ripple and Diane P. Wood, Circuit Judges.

Posner, Chief Judge.  A brokerage firm that belongs to the National Association of Securities Dealers, and one of its brokers, brought this suit under the Federal Arbitration Act to vacate an arbitration award of $30,000 to Harold Levin, a former customer. 9 U.S.C. sec. 10(a)(4). Levin counterclaimed to confirm the award. sec. 9. The district court sided with the plaintiffs on the ground that the arbitrators had exceeded their jurisdiction.

In 1990 Waisman had sold Levin an interest (conceded to be a security) in a limited partnership known as Vintech. The following year Vintech sought protection from its creditors under Chapter 11 of the Bankruptcy Code, but as so often happens the proceeding was soon converted to a Chapter 7 liquidation. In 1996, a month or so after six years since the purchase of the interest, Levin, pursuant to Rules 10101(c) and 10301(a) of the NASD Uniform Code of Arbitration Procedure (these rules can be found in NASD Manual para.para. 10000 et seq. (CCH 1999)), filed a claim against Liss and Waisman before a panel of arbitrators. Levin accused Waisman and Liss of having violated the purchase agreement, the rules of the NASD, and state and federal law, including the SEC's Rule 10b-5, in recommending the purchase of the Vintech interest

and, after Vintech declared bankruptcy, in assuring Levin that the company would emerge from bankruptcy with its value intact.

Rule 10304 of the NASD Code provides that no dispute "shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the . . . dispute." Waisman and Liss failed to plead in their answer to the statement of claim that the claim was barred by this provision, and Levin argues that by doing so they waived it. Arbitrators are authorized to treat the failure to plead a defense as a waiver; but they don't have to, see Rule 10314(b)(2)(B), and they did not do so here. Instead they held that since their award was based on conduct subsequent to the 1990 sale--namely the assurance that Vintech would emerge from bankruptcy with its value intact--the dispute on which Levin's claim was based arose less than six years before the filing of the claim, and so Rule 10304 was inapplicable.

So there was no waiver, but Waisman and Liss argue that, in any event, the six-year limitation is nonwaivable because it defines the arbitrators' jurisdiction. In so arguing they rely on Edward D. Jones & Co. v. Sorrells, 957 F.2d 509 (7th Cir. 1992), and similar decisions in other circuits. E.g., Osler v. Ware, 114 F.3d 91, 92-93 (6th Cir. 1997); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Cohen, 62 F.3d 381, 385 n. 4 (11th Cir. 1995); PaineWebber Inc. v. Hofmann, 984 F.2d 1372, 1381 (3d Cir. 1993). Read narrowly, these decisions hold only that Rule 10304 is the equivalent of a statute of repose rather than a statute of limitations. So interpreted the rule would exclude defenses to the statute of limitations, such as equitable tolling and equitable estoppel, the latter including fraudulent concealment--the basis on which the plaintiffs in Sorrells had asked to be allowed to sue after the deadline had passed. 957 F.2d at 512-13. See, e.g., Cada v. Baxter Healthcare Corp., 920 F.2d 446, 451 (7th Cir. 1990); Short v. Belleville Shoe Mfg. Co., 908 F.2d 1385, 1391 (7th Cir. 1990); Webb v. United States, 66 F.3d 691, 701 (4th Cir. 1995); First United Methodist Church v. United States Gypsum Co., 882 F.2d 862, 865-66 (4th Cir. 1989).

Waisman and Liss argue, with support in language in Sorrells and the other cases we've cited, that the six-year limitation in Rule 10304 is "jurisdictional" and so cannot be waived. At first glance, the argument seems highly dubious. A statute of repose and a statute of limitations are ordinary defenses to liability, differing from each other only in length, accrual, and

tolling rules. Securities laws typically specify both a statute of limitations, which runs from when the plaintiff should have discovered that he had a claim, and a (longer) statute of repose, which runs from some fixed date such as the date on which the security was purchased. E.g., 15 U.S.C. sec.sec. 77m, 78i(e); Cal. Corp. Code sec. 25506. Both normally are waivable. E.g., Lawyers Title Ins. Corp. v. Dearborn Title Corp., 118 F.3d 1157, 1166 (7th Cir. 1997); McMahon v. Eli Lilly & Co., 774 F.2d 830, 837-38 (7th Cir. 1985); First Interstate Bank of Denver, N.A. v. Central Bank & Trust Co., 937 P.2d 855, 861-62 (Colo. App. 1996). Statutory language specifying an outside date for suing is sometimes, though rarely, as we pointed out in Lawyers Title Ins. Corp. v. Dearborn Title Corp., supra, 118 F.3d at 1166-67; see also Hubbard v. State, 920 P.2d 991 (Nev. 1996) (per curiam), taken to be a legislative determination that the court or other tribunal that enforces the statute has no jurisdiction to adjudicate a claim that is outside the limit, e.g., State v. Mason, 941 P.2d 437, 440 (Mont. 1997); Price v. Maxwell, 681 P.2d 384, 386 (Ariz. 1984), and a statute of repose is more likely to be taken in that sense than a statute of limitations. See, e.g., Cheswold Volunteer Fire Co. v. Lambertson Construction Co., 489 A.2d 413, 421 (Del. 1984). But the six-year limitation in Rule 10304 was not imposed by any legislature. It is the rule of a trade association and if the members want to arbitrate a dispute on terms different from those laid down by the association there would seem to be no "jurisdictional" bar to their doing so.

But this turns out to be wrong. By joining the association a brokerage firm agrees to abide by its rules, and the rules of this association forbid members to opt out of the provisions governing arbitration. "Any dispute . . . eligible for submission . . . between a customer and a member . . . shall be arbitrated under this Code," that is, the NASD Code of Arbitration Procedure. Rule 10301(a); and see "Clarification of NASD Notice to Members 95-16," 1995 Notice to Members 85, 1995 NASD Lexis 122 (Oct. 1995), threatening members with disciplinary action for attempting to contract out of the provisions of the Code dealing with punitive damages and venue. And Rule 3110(f)(4) of the NASD Conduct Rules provides that no arbitration agreement "shall include any condition which limits or contradicts the rules of any self-regulatory organization," presumably including the NASD itself. NASD Manual, supra, at 4893.

The history of and practice under the specific provision at issue here, the six-year limitation, confirm this understanding. See "Self-Regulatory

Organizations: Notice of Filing of Amended Proposed Rule Change by National Association of Securities Dealers," 59 Fed. Reg. 39373, 39374 (Aug. 2, 1994); and remarks of Deborah Masucci, the NASD's Director of Arbitration, in "New York Stock Exchange Inc.: Symposium on Arbitration in the Securities Industry," 63 Fordham L. Rev. 1501, 1544 (1995). Masucci explains that when someone files a complaint with the NASD, the association's staff dismisses it if it is clearly beyond the six-year limit, without giving the parties a chance to decide whether to extend the limit. See also Pamela Jeanne Turbow Rush, "Securities Arbitration: The Six-Year Eligibility Rule," 26 Stetson L. Rev. 329, 330 (1996). This procedure was changed in the middle of the present arbitration, but the new procedure has the same filter only administered by the arbitrators themselves rather than by the staff. See "Self-Regulatory Organizations: Notice of Filing of Proposed Rule Change by NASD Regulation," 61 Fed. Reg. 68081 (Dec. 26, 1996).

Why the NASD should want to prevent its members from waiving rules designed for their protection is obscure, and recently the association has been having second thoughts. It is proposing to amend Rule 10304 to make the association's Director of Arbitration the sole judge of whether the six-year deadline has expired and, more to the point, to waive the deadline if the party against whom the claim has been made fails to raise the issue with the Director. "Self-Regulatory Organizations: Notice of Filing of Proposed Rule Change by the National Association of Securities Dealers," 63 Fed. Reg. 588, 589 (Jan. 6, 1998). But the proposal has not yet been adopted.

A separate question is whether the application of Rule 10304 (we are speaking of course of the current, not the proposed, rule) is for the arbitrators or for the court. That is an issue about who decides whether the six-year limit has been exceeded, as distinct from whether the limit can be waived. A majority of courts, including ours, applying the principle that courts decide issues of arbitrability unless the parties have clearly indicated that the arbitrators are to decide them, First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995); AT&T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 649 (1986), hold that whether the six-year limit has been exceeded is for the courts rather than the arbitrators to decide. E.g., Miller v. Flume, 139 F.3d 1130, 1134 (7th Cir. 1998); Cogswell v. Merrill Lynch, Pierce, Fenner & Smith Inc., 78 F.3d 474, 476-81 (10th Cir. 1996); Merrill Lynch, Pierce, Fenner & Smith Inc. v. Cohen, supra, 62 F.3d at 383.

Also separate is whether the "jurisdictional" character of Rule 10304 carries over to judicial review; and the answer is that it does not. The limitation imposed by the rule on the consideration of stale claims is a limitation on the power of the arbitrators, not on the power of the courts. If a party challenging an arbitration award in court failed to argue Rule 10304, the issue of timeliness would be waived. See Washington v. Indiana High School Athletic Ass'n, 181 F.3d 840, 846 n. 9 (7th Cir. 1999); Huntzinger v. Hastings Mutual Ins. Co., 143 F.3d 302, 307 (7th Cir. 1998).

So the six-year bar is nonwaivable before the arbitrators and its applicability is to be determined by the court, but none of this helps Waisman and Liss because we conclude that the bar is inapplicable in the circumstances of this case. Rule 10304 does not bar a claim that arises within the six-year period merely because the securities involved in the claim were bought more than six years before the claim was filed. If the only basis for the claim were Rule 10b-5, which limits its protections to securities transactions, Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723 (1975), the plaintiff could not win a case based on post-sale conduct, such as a representation designed to prevent the plaintiff from selling the security. But the claim would fail on the merits, not because of the six-year bar. If as in this case the plaintiff bases his claim on conduct that took place after he bought the security, the six-year period begins to run as of the date of that conduct, not the date of the purchase. Merrill Lynch, Pierce, Fenner & Smith Inc. v. Cohen, supra, 62 F.3d at 384-85; Osler v. Ware, supra, 114 F.3d at 93; PaineWebber Inc. v. Hofmann, supra, 984 F.2d at 1379-1382. (The NASD's proposal that we mentioned earlier to amend Rule 10304 is explicit that the six-year period runs from the date of the event giving rise to the claim rather than from the date the securities were purchased. "Self-Regulatory Organizations: Notice of Filing of Proposed Rule Change by the National Association of Securities Dealers," supra, 63 Fed. Reg. at 589, 593.) Otherwise if Mr. Waisman, driven to distraction by Levin's incessant complaints about the dismal performance of Vintech, had hit Levin over the head with a mallet in year seven he would be immune from any claim under the dispute-resolution provisions of the NASD's arbitration code. We can't see the sense in that.

It is true that Levin alleged fraud in the sale of the Vintech security, as well as post-sale fraud. But the arbitrators said they were basing their award on the latter. The fact that the

post-sale fraud could be said to have arisen from the sale fraud, in the sense that had Levin never bought the interest in Vintech the defendants would never have represented to him that Vintech would emerge intact from bankruptcy, no more brings the six-year limitation into play than the fact that in our hypothetical case the incident with the mallet would not have occurred had it not been for the sale of the security more than six years before the claim was filed. If a claim accrues as soon as a necessary condition to its existence arises, then Mr. Levin's claim accrued when Columbus discovered America, if not, indeed, at the time of the Big Bang.

What is true is that if the only allegation about the post-sale conduct had been that it had lulled Levin into delaying the filing of a claim based on the fraudulent inducement of the sale, he would be arguing fraudulent concealment of the wrong and we know from Sorrells that fraudulent concealment would not extend the six-year deadline for filing the claim. 957 F.2d at 512-14. But that is not the allegation. The allegation is of an independent fraud designed not to lull Levin into not suing but rather to dissuade him from selling his investment in Vintech.

No defense to the suit to confirm the arbitrators' award other than Rule 10304 is suggested and the judgment of the district court is therefore reversed with directions to confirm the award.

Reversed.