**Anne MANASSE, Individually and as custodian for Jordan Manasse, Howard Manasse, Individually and as custodian for Jordan Manasse, Howard S. Manasse, M.D., P.C., Plaintiffs,**

v.

**PRUDENTIAL–BACHE SECURITIES, Shearson Lehman Brothers, Inc. Charles Vollmer, Defendants.**

Civ. A. No. 92–13E.

United States District Court, W.D. Pennsylvania.

Dec. 29, 1993.

Andrew J. Conner, Conner & Associates, Erie, PA, Herbert Beigel, Beigel & Sandler, Chicago, IL, for plaintiffs.

Robert P. Morgan, Foster S. Goldman, Jr., Klett, Lieber, Rooney & Schorling, Richard R. Nelson, II, Curt Vazquez, Cohen & Grigsby, Pittsburgh, PA, for defendants.

### MEMORANDUM ORDER

COHILL, District Judge.

This action was removed to this Court from the Court of Common Pleas of Erie County, Pennsylvania, on January 16, 1992. Plaintiffs Anne Manasse and Howard Manasse allege breach of fiduciary duties, negligence, fraud, and breach of contract arising from allegedly improper investments on their behalf while the defendant Charles Vollmer, was employed by defendant Prudential Securities, Inc. ("Prudential") and later when he was employed by E.F. Hutton & Co. ("Hutton"), a predecessor of defendant Shearson Lehman Brothers, Inc. ("Shearson").

After removal, the defendants moved to strike any references to certain limited partnerships, known as "VMS limited partnerships" because the plaintiffs had recovered damages from a settlement of a class action lawsuit in the United States District Court for the Northern District of Illinois. Defendants also moved to compel arbitration and to stay these proceedings pending the outcome of the arbitration. On May 27, 1992, we granted the motions to strike and to compel arbitration and stayed the proceedings pending completion of arbitration. We further ordered that:

> [a]ll allegations referring to the VMS Limited Partnerships, either by name or by reference to amounts allegedly invested in such partnerships or damages allegedly incurred through investment in such partnerships, as well as all allegations referring to investments that were the subject of other concluded litigation, shall be and hereby are stricken from the Complaint and are hereby dismissed with prejudice.

Order dated May 27, 1992, ¶ a. The parties were ordered to proceed to arbitration before the National Association of Securities Dealers, Inc. ("NASD") on all remaining claims in the complaint under the terms of the agreements between the parties. This action was stayed until the arbitration was completed. Order dated May 27, 1992, ¶ b, c.

Plaintiffs then filed a Statement of Claim with the NASD, to which defendant Shearson answered on June 4, 1993. The statement of claim alleges that defendants are liable to the plaintiffs for the essentially same reasons alleged in their original complaint.

Since the filing of the Statement of Claim, two events have taken place: (1) defendants have obtained new counsel; and, more importantly, (2) the United States Court of Appeals for the Third Circuit decided on February 3, 1993 the case of *PaineWebber, Inc. v. Hofmann*, 984 F.2d 1372 (3d Cir.1993) (hereinafter *"Hofmann"*). The relevance of *Hofmann* will be discussed *infra.*

Presently before the court is defendant Prudential's Motion to Lift Stay, to Enforce the Terms of the Court's May 27, 1992 Order and for an Injunction Against the Arbitration of Certain Claims, namely, any allegations relating to their investment in the five VMS limited partnerships. Defendant Charles Vollmer has joined in these motions. The plaintiffs did mention the VMS limited partnerships in the submission to the arbitrators, and for these alleged indiscretions, the defendants ask that we (1) lift the stay on the present action for the purposes of considering their motion and any ancillary matters; (2) enter an order enforcing our May 27, 1992 Order by enjoining the submission to arbitration of any claims arising from the plaintiffs' investment in the VMS limited partnerships and any claims barred by the NASD statute of limitations; and (3) order payment of attorneys fees incurred by the defendants while trying to enforce our May 27, 1992 order.

Defendants argue that the Manasses' attempt to arbitrate claims arising out of the VMS limited partnerships contravenes our May 27, 1992 Order to strike the VMS limited partnership allegations. Specifically, the defendants oppose the references in the Statement of Claim to the following entities: Orlando Spanish Trace Associates, Ltd., Al-

buquerque/San Pedro Office Park Associates, West Palm/Forum III Associates, Ltd., 850 Third Avenue Limited Partnership and The Shoreham Hotel Limited Partnership. Defs.' Motion Ex. B at ¶ 4.9. Defendants ask that we enjoin the plaintiffs from proceeding with the NASD arbitration until they amend their Statement of Claim so as to exclude any claims based on purchases of VMS securities or any allegations or references pertaining to such purchases.

 In response, the plaintiffs characterize the content of the NASD Statement of Claim differently. Plaintiffs readily admit that our prior ruling as to the arbitrability issue excludes any and all argument and recovery as to the VMS limited partnerships. Plaintiffs argue that although the VMS limited partnerships are mentioned in the Statement of Claim, they do not seek, or even represent that they seek, damages for such investments. Plaintiffs argue that the NASD would inevitably discover the VMS limited partnership litigation because documentary evidence includes numerous references to them. Nonetheless, our Order was clear: "[a]ll allegations referring to the VMS Limited Partnerships, either by name or by reference to amounts allegedly invested in such partnerships *or* damages ... shall be and hereby are stricken from the Complaint and are hereby dismissed with prejudice." Order dated May 27, 1992 at ¶ a. We do not see any evidence that the plaintiffs acted in bad faith by mentioning the limited partnerships within their Statement of Claim and we will therefore deny the request for attorneys fees in this regard. It is nevertheless appropriate that the plaintiff be ordered to follow our clear mandate and amend the Statement of Claim accordingly, so as to avoid any prejudice to the defendants.

Defendants further argue that the majority of the remaining claims submitted to arbitration are time-barred by Section 15 of the NASD Code of Arbitration Procedure ("NASD Code"), which by agreement between the parties, governs the NASD proceeding, and therefore the older claims violate our May 27, 1992 Order. Section 15 of the NASD Code renders ineligible for arbitration any claims which arose out of events

or occurrences that took place more than six years before the commencement of arbitration. Plaintiffs contend that this section's "statute of limitations" does not apply to this case because it clearly states that "[t]his section shall not ... apply to any case which is directed to arbitration by a court of competent jurisdiction."

Defendants cite *PaineWebber, Inc. v. Hofmann*, 984 F.2d 1372, 1373 (3d Cir.1993), wherein the United States Court of Appeals for the Third Circuit held that this portion of the NASD rules establishes a *substantive*, rather than procedural, limitation on the claims which may be submitted to arbitration and that such claims may not be submitted to arbitration for any purpose. *Id.* at 1378.

In response, the plaintiffs argue that the defendants should not be permitted to enjoin the arbitration of claims which they themselves moved to compel to arbitration. The plaintiffs explain that Prudential's "Client's Agreement," cited by defendants' former counsel in support of their earlier motion to compel arbitration, contains an arbitration clause which states that New York law applies. Contrary to *Hofmann*, the United States Court of Appeals for the Second Circuit has held that "it is up to the arbitrators, not the court, to decide the validity of time-bar defenses," including those contained in arbitration association rules. *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 121 (2d Cir.1991). This reasoning is sound and furthers the goals of arbitration, in our view.

While the arbitration agreement provides that New York law applies to any dispute between the parties *on the contract*, it does not explicitly state that *arbitrability disputes* are governed by New York law. *AT & T Technologies v. Communications Workers of America*, 475 U.S. 643, 649, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986). We hesitate to force the defendants to arbitrate any claims which they have not agreed would be subject to arbitration.

 Under the law of this circuit, we must conduct a hearing to decide which of plaintiffs' claims are and which are not subject to arbitration. *Hofmann*, 984 F.2d at 1380.

Defendants argue that any claims or causes of action arising or relating to investment transactions which occurred before December 11, 1984, six years before the commencement of this action, are ineligible for arbitration before the NASD. *PaineWebber v. Hartmann*, 921 F.2d 507 (3d Cir.1990). While this is merely a restatement of the NASD rule to be applied by the arbitrators, it is also, we believe unfortunately, subject to district court interpretation and ruling under the mandate of *Hofmann*.

■ We note, respectfully, but with some dismay, that the *Hofmann* court stated that "[a]rbitration's goal of resolving disputes in a timely and cost efficient manner, as well as judicial economy, counsel against determining arbitrability in [a] piecemeal fashion ..." *Hofmann*, 984 F.2d at 1380. In the next paragraph, however, the court held that we must hold a hearing and hear any extrinsic evidence, if necessary, to determine whether each claim individually can be said to constitute a separate cause of action. *Id.* In other words, we cannot decide summarily whether or not each of plaintiffs' claims should be accepted as a cause of action or are merely an "attempt to toll the six year period and thus, are not subject to arbitration." *Hofmann*, 984 F.2d at 1381.

We predict that most of plaintiffs' allegations would be held to be separate causes of action. "In view of the general presumption of arbitrability, the court should, as a benchmark, generally accept a party's statement as to what constitutes a cause of action and permit the arbitration of that claim *as long as* the asserted cause of action is not *clearly* a mere tolling or discovery argument." *Id.* at 1381. Nonetheless, to avoid an appeal on this issue at a later date, and given the fact that the parties have not had an opportunity to advance their arguments and present any evidence as to which of the numerous claims are and which are not arbitrable, we will hold a hearing to decide this issue.

We do, however, encourage the parties to resolve these problems between themselves. If they are unable to do so, we will hold the hearing.

AND NOW, to-wit, this 29th day of December, 1993, it is hereby ORDERED, ADJUDGED and DECREED that the Motion of Prudential Securities to Lift Stay, to Enforce the Terms of the Court's May 27, 1992 Order and for an Injunction against the Arbitration of Certain Claims (Doc. No. 8), and defendant Charles Vollmer's joinder in said motion (Doc. No. 9) be and hereby is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the Motion to Lift Stay be and hereby is GRANTED;

IT IS FURTHER ORDERED that the Motion to Enforce the Terms of the Court's May 27, 1992 Order be and hereby is GRANTED to the extent that the plaintiffs are ORDERED to amend their Statement of Claim to exclude any and all references to the VMS limited partnerships at the appropriate time after the decision on arbitrability has been rendered;

IT IS FURTHER ORDERED that if the parties are unable to resolve between themselves which issues shall be arbitrated, the parties shall appear before this court on March 3, 1994 at 9:00 a.m. in Courtroom B, Erie, Pennsylvania for a hearing regarding the arbitrability of the claims and shall file briefs on this issue ten days prior to said hearing;

IT IS FURTHER ORDERED that the Motion for an Injunction Against Arbitration of Certain Claims be and hereby is GRANTED pending the outcome of the Arbitration Hearing; and

IT IS FURTHER ORDERED that defendants' motion for attorneys fees be and hereby is DENIED.