Anne MANASSE, Individually and as custodian for Jordan Manasse, Howard Manasse, Individually and as custodian for Jordan Manasse, Howard S. Manasse, M.D., P.C., Plaintiffs,

v.

PRUDENTIAL–BACHE SECURITIES, Shearson Lehman Brothers, Inc. Charles Vollmer, Defendants.

Civ. A. No. 92–13E.

United States District Court, W.D. Pennsylvania.

July 20, 1995.

Andrew J. Conner, Conner & Associates, Erie, PA, Herbert Beigel, Beigel & Sandler, Chicago, IL, for plaintiffs.

Robert P. Morgan, Foster S. Goldman, Jr., Klett, Lieber, Rooney & Schorling, Pittsburgh, PA, Richard R. Nelson, II, Curt Vazquez, Cohen & Grigsby, Pittsburgh, PA, for defendants.

## MEMORANDUM OPINION

COHILL, District Judge.

Before the Court is defendant Prudential–Bache Securities, Inc.'s ("Prudential") Motion for an Injunction Against the Arbitration of Certain Claims (Doc. 8), which requires that we determine whether any of plaintiffs' remaining claims are eligible for arbitration. Defendant Charles Vollmer joins in this motion.

### I. Background

The Complaint filed by plaintiffs Anne and Howard Manasse alleges breach of fiduciary duties, negligence, fraud, and breach of contract arising from allegedly improper investments, made on their behalf by defendant Charles Vollmer. Mr. Vollmer made these investments first while employed by defendant Prudential Securities, Inc. ("Prudential"), and then as an employee of E.F. Hutton & Co. ("Hutton"), a predecessor of defendant Shearson Lehman Brothers, Inc. ("Shearson"). The motion before us concerns only those purchases made by Mr. Vollmer while he was at Prudential. The earliest of these purchases was made on August 9, 1982. Mr. Vollmer left Prudential for Hutton on May 8, 1984.

This action was filed in the Court of Common Pleas of Erie County, Pennsylvania, on December 18, 1991, and was removed to this Court on January 16, 1992. Defendants then filed a motion to compel arbitration, and to strike any references to claims arising from certain limited partnerships known as the VMS Limited Partnerships ("VMS claims").[1] We granted the motion and stayed the action pending arbitration. Order dated May 27, 1992., ¶¶ b, c.

Plaintiffs filed a Statement of Claim with the National Association of Securities Dealers, Inc. ("NASD"), to which defendant Shearson answered. Defendant Prudential, joined by Vollmer, filed the motion presently before us. Portions of this motion were previously disposed of in *Manasse v. Prudential–Bache Securities*, 840 F.Supp. 42 (W.D.Pa.1993). In that opinion, we determined that the VMS claims were not to be submitted to arbitration, and we ordered plaintiffs Anne and Howard Manasse to amend their Statement of Claim to exclude any and all references to such claims. *Id.* at 43. We also enjoined the arbitration of plaintiffs' remaining claims, until such time as we determined which of those claims were arbitrable.[2] *Id.*

### II. Discussion

#### A. Arbitrability of Claims

In the Third Circuit, the court, not the arbitrator, must determine the scope of an arbitration agreement. *PaineWebber v. Hofmann*, 984 F.2d 1372, 1374 (3d Cir.1993). In resolving the issue of arbitrability, "a

1. The following entities are the subject of claims growing out of the VMS Limited Partnerships: Orlando Spanish Trace Associates, Ltd.; Albuquerque/San Pedro Office Park Associates; West Palm/Forum III Associates, Ltd.; 850 Third Avenue Limited Partnership; and The Shoreham Hotel Limited Partnership. We ordered plaintiffs to strike these claims from the Complaint and from the Statement of Claim, because plaintiffs had previously recovered damages from a settlement of a class action lawsuit in the United States District Court for the Northern District of Illinois. *See Manasse*, 840 F.Supp. at 43, 45.

2. The Manasses' remaining claims involve the following purchases: Coastal Commons Limited Partnership; Lancers SIC, Ltd.; NRM 82–3, Ltd.; St. Charles Partners; Daniel Properties

VIII; Capital Housing Investment Program Chips; and Independence Crossing. We note that defendants assert that these last two investments were made on August 22, 1984 and December 28, 1984 respectively, after Vollmer left Prudential's employment. Defs.' Resp.Br. at 3; Aff. Hartman at ¶¶ 2, 3 and 4. The purchases were clearly made while Vollmer was employed either by Prudential or by E.F. Hutton (Shearson), and both are defendants to this action. As the issue before us is the arbitrability of these claims, we leave the determination of liability to the arbitrator.

Also at issue is an investment made by Howard Manasse as custodian for Jordan Manasse, involving the purchase of Prudential–Bache/Watson & Taylor, Ltd.–1. Pls.' Compl. at ¶¶ 15, 16.

court is not to rule on the potential merits of the underlying claims." *Id.* at 1377 (quoting *AT & T Technologies, Inc. v. Communications Workers of America,* 475 U.S. 643, 649, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986)). It is well settled that there is a strong presumption of arbitrability. *Hofmann,* 984 F.2d at 1377; *see also PaineWebber Inc. v. Hartmann,* 921 F.2d 507, 513 (3d Cir.1990). However, "[i]f the court determines that … the matter at issue clearly falls outside of the substantive scope of the agreement, it is obliged to enjoin arbitration." *Hofmann,* 984 F.2d at 1372, (quoting *Hartmann,* 921 F.2d at 511).

The parties to this action agree that the arbitrability of the claims at issue is controlled by the NASD Code of Arbitration Procedure ("NASD Code" or "the Code").

Section 15 of the NASD Code provides that:

> No dispute, claim, or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim, or controversy. This section shall not extend applicable statutes of limitations, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction.

Code of Arb.Pro. § 15.

In addition, § 18(b) of the Code provides, in pertinent part, that:

> The six (6) year time limitation upon submission to arbitration shall not apply when the parties have submitted the dispute, claim, or controversy to a court of competent jurisdiction. The six (6) year time limitation shall not run for such period as the court shall retain jurisdiction upon the matter submitted.

Code of Arb.Pro. § 18(b).

The Court of Appeals for the Third Circuit recently interpreted § 15 of the NASD Code in *PaineWebber v. Hofmann,* 984 F.2d 1372 (3d Cir.1993).

■ "[S]ection 15 can reasonably be read in only one way—as a substantive limit on the claims that the parties have contracted to submit to arbitration." *Hofmann,* 984 F.2d at 1379, citing *Edward D. Jones & Co. v. Sorrells,* 957 F.2d 509 (7th Cir.1992). Section 15 therefore defines which claims shall be eligible for submission to arbitration. *Id.* This provision of the NASD Code functions as "an eligibility requirement and not a statute of limitations and thus cannot be tolled." *Id.* at 1379, (quoting *Sorrells,* 957 F.2d at 513).

■ Where, as here, plaintiffs submit multiple claims for arbitration, the court must assess, on a claim-by-claim basis, which claims may proceed to arbitration. *Hofmann,* 984 F.2d at 1377. *Hofmann* requires that the district court (1) identify each specific independent claim; (2) determine the date of the relevant occurrence or event; and (3) apply the language of § 15 to determine whether or not a particular claim is eligible for arbitration. *Id.* at 1380.

■ We note that *Hofmann* directed the district court on remand to hold a hearing to allow the introduction of extrinsic evidence in order to determine which claims were arbitrable. *Id.* at 1380. Furthermore, we acknowledge that our earlier Opinion in *Manasse* states that under *Hofmann* we are required to hold such a hearing to decide which claims are and are not arbitrable. *840* F.Supp. at 44. In that Opinion, we expressed our dismay with the internal inconsistencies we saw in *Hofmann.* *Id.* at 45. Upon further analysis, we no longer read *Hofmann* as mandating a hearing in every case.

*Hofmann* was before the court on an appeal of a grant of summary judgment, and appellant argued that he had not been afforded an opportunity to address the issue of which particular claims were arbitrable. The Court of Appeals found that it was unable to decide whether each claim was within the scope of the arbitration agreement on the record presented. *Id.* at 1374. We have no such difficulty in the case before us. The parties to this action have filed supplemental briefs and responses on the issue. Furthermore, they have agreed that a hearing is unnecessary, and that this Court has before it all the relevant evidence from which to make a determination of the arbitrability of each claim.

### B. *Arbitrability of Plaintiffs' Remaining Claims*

■ Plaintiffs' remaining claims against Prudential and Vollmer involve purchases made between August 9, 1982 and May 8, 1984, when Vollmer left Prudential's employ. Thus each of these claims arose more than six years before December 18, 1991, when plaintiffs filed their complaint. In order to decide which claims may be arbitrable, we must now determine whether these claims are ineligible under the language of § 15 of the NASD Code.

Not surprisingly, the parties to this dispute differ as to the interpretation of this section of the Code. Plaintiffs argue that under § 15 a claim is eligible for submission to arbitration in two distinct circumstances: (1) where a claim has been submitted within six years of the occurrence or event, or (2) where, regardless of the passage of time, a claim has been directed to arbitration by a court of competent jurisdiction. Pls.' Suppl. Br. at 2.

Plaintiffs' contend that this reading of § 15 is supported by § 18(b), which states that the six year time limit shall not apply where the parties have submitted the dispute to a court of competent jurisdiction. Code of Arb.Pro. § 18.

Defendants, on the other hand, argue that § 15 merely tolls the six year eligibility requirement while a claim is before the court. Defs.' Resp.Br. at 13; Suppl.Br. at 4–8. Therefore, because plaintiffs made each of their purchases from Vollmer and Prudential more than six years prior to the instigation of this action, defendants assert that these claims are ineligible for arbitration under § 15 and should be enjoined.

We find defendants' construction of § 15 unpersuasive. We agree that under § 15 a claim is not "eligible for submission" directly to arbitration when the six year period has elapsed. Such claims are clearly stale and the parties are precluded by the six year bar from submitting them to arbitration. *See, e.g. Hartmann,* 921 F.2d at 513; *Hofmann,* 984 F.2d at 1379; *PaineWebber Inc. v. Farnam,* 870 F.2d 1286, 1292 (7th Cir.1989). Such claims may, however, be pursued in state or federal court, and that court may properly direct the claim to arbitration under the second sentence of § 15, even if more than six years has elapsed from the occurrence giving rise to the dispute.

The unambiguous language of § 15 states that the six year limit "shall [not] ... apply to any case which is directed to arbitration by a court of competent jurisdiction." Code of Arb.Pro. § 15. Giving the words their ordinary meaning, we read this provision to mean that **a court** may order arbitration of claims even when more than six years have elapsed.

This is the same interpretation NASD itself gave, when it proposed the addition of this provision to the original language of § 15:

> "... [t]he proposed amendment to the Code's time limitation provision would permit a court which has jurisdiction over a claim to direct that the claim be resolved by arbitration. Currently, if the claim is six years old or more, the [NASD] ... could not accept the matter for arbitration. The proposed rule should ... permit all securities-related disputes which are eligible for a judicial disposition to be resolved by arbitration.

SEC, Form 19b–4, Proposed Rule Change by NASD, File No. SR–NASD–84–16, pp. 8–9 (1984).

Furthermore, in the order approving the proposed rule change, the Securities and Exchange Commission ("SEC") stated that the amendment to § 15 would have this same effect:

> The proposed rule change would: (1) extend the time limitation on arbitration of claims to allow arbitration of claims over six years old if a court with jurisdiction over the claim directs that the claim be resolved by arbitration.

SEC, Vol. 31, No. 7, CCH SEC Docket 378, Release No. 21295, September 7, 1984.

Our interpretation of § 15 is reinforced by the language of § 18(b). Section 18(b) was added to the Code along with the revised § 15 as part of the 1984 Amendments, and provides as follows:

The six (6) year time limitation upon submission to arbitration shall not apply when the parties have submitted the dispute, claim or controversy to a court of competent jurisdiction. The six (6) year time limitation shall not run for such a period as the court shall retain jurisdiction upon the matter submitted.

Code of Arb.Pro. § 18(b).

Our reading of § 15 is in accordance with that of the United States Court of Appeals for the Seventh Circuit, which is the only Court of Appeals to have ruled on this precise issue. "Section 15's bar on all claims older than six years is removed only if a court with jurisdiction over the claim orders the matter be submitted to arbitration." *Sorrells* 957 F.2d at 513. In *Sorrells,* the court held that defendants' claims were in fact barred from arbitration under § 15, because they were submitted more than six years after the triggering event, and **because "[t]he Sorrells did not present their claims to a court"** but submitted them directly to arbitration. *Id.* at 513–14 (emphasis added).

The cases cited by defendants in support of their interpretation of § 15 all involve claims submitted directly to arbitration, and thus are inapposite here, where the claims were first raised in court, and were then ordered to arbitration. Defendants urge us to accept the reasoning of *Prudential Securities Inc. v. LaPlant,* 829 F.Supp. 1239 (D.Kan.1993), a case that specifically considered whether § 15 permits a court to order claims to arbitration and concluded that it does not. The claims at issue in *LaPlant,* however, had been submitted directly to arbitration. Some were barred by the six year limit, and the plaintiff argued that the court had the authority under § 15 to order these stale claims to arbitration along with claims that were not barred. *Id.* at 1243. The court refused to accept a construction of § 15 that conferred "authority upon courts to override the six-year rule and send claims to arbitration at the court's own discretion." *Id.* at 1244. The court concluded that "if the NASD had intended such a result, it would have used language that was much more clear on that point." *Id.* Had the *LaPlant* court examined NASD's statements about

the intent behind the second sentence of § 15, it might have reached a different conclusion. *See supra* p. 700. In any event, the claims had been submitted directly to arbitration and thus the court's reasoning is not relevant to this action.

Accordingly, applying our interpretation of § 15 to the facts before us, we find that we may properly order plaintiffs' remaining claims against Prudential and Vollmer to arbitration, despite the fact that more than six years has elapsed since the triggering events, because these claims were filed in court and were only subsequently ordered to arbitration.

Having determined that under § 15 we **may** direct these claims to arbitration, we must now decide whether we **shall** do so. In *Hofmann,* the court required on remand a determination that each claim was an independent cause of action. *Hofmann,* 984 F.2d at 1381. This was necessary because some of the claims at issue could have been filed simply to toll the six year bar that applied to all claims in that case because they had been submitted directly to arbitration by the parties. For claims that were not clearly arbitrable (because the purchases occurred within the six year period), or just as clearly barred from submission (because the purchases occurred outside the six year period), the district court was required on remand to hold a hearing. *Id.* at 1380. Any claims which might have been filed to evade or enlarge the six year time frame were to be enjoined from submission to arbitration because they were not claims which the parties had agreed to submit. *Id.* at 1381.

We have no such concern about whether any of the claims in plaintiffs' complaint might have been filed to evade the six year bar, because we have already determined that claims that are first filed in court are not subject to this bar. In accordance with the general presumption of arbitrability, "the court should ... generally accept a party's statement as to what constitutes a cause of action and permit the arbitration of that claim **as long as** the asserted cause of action is not **clearly** a mere tolling or discovery argument." *Hofmann,* 984 F.2d at 1381, emphasis in original. The Complaint filed in

this case avers breach of fiduciary duty, negligence, breach of contract, and fraud in the purchase of particular, itemized investments. We find that each of plaintiffs' remaining claims against Prudential and Vollmer states an independent cause of action and thus is arbitrable.

■ There is, however, a discrepancy between the Complaint and the Statement of Claim filed by plaintiffs on November 4, 1992. Defendants contend that the Statement of Claim includes certain claims that are not arbitrable under any interpretation of § 15. Since these claims were not raised in the original complaint, defendants assert that they are barred by § 15 because they were filed directly with the arbitrator more than six years after the investments were purchased. Defs.' Resp. at 8, n. 4. Prudential lists these claims as securities fraud, breach of the duty of good faith and fair dealing, Exchange Rule violations, respondeat superior liability and RICO violations. *Id.*

We agree with defendants that pursuant to our Order of May 27, 1992 the only claims compelled to arbitration were those in the Complaint. *Manasse*, 840 F.Supp. at 43. While plaintiffs' Statement of Claim essentially mirrors their Complaint, pages 11 and 12, headed "Liability," contain new language and we assume that Prudential is objecting to these allegations.

We find that two of these claims were adequately raised in the Complaint and are thus arbitrable:

(1) *Securities fraud:* The Complaint does not allege a specific statutory violation of the Securities Exchange Act of 1934, § 10(b), 15 U.S.C. § 78j(b). In order to state a cause of action for securities fraud under § 10(b), plaintiffs must prove that the defendant made misstatements or omissions of material fact, with scienter, in connection with the purchase or sale of a security, upon which plaintiff relied to his detriment. *Hoffman Electric., Inc. v. Emerson Electric, Co.,* 754 F.Supp. 1070 (W.D.Pa.1991). Plaintiffs' filed this action against their broker and his employer, Prudential–Bache Securities, Inc. for breach of fiduciary obligations, fraud and negligence "arising out of defendants' solicitation and recommendation of investments"

for investments that were unsuitable for plaintiffs' stated investment objectives. Pls.' Compl. at 1. We find that a claim for securities fraud is encompassed within the allegations of the Complaint. Whether plaintiffs have proved this claim against Vollmer and Prudential–Bache is a question on the merits that must be left to the arbitrator. *Hofmann*, 984 F.2d at 1381.

■ (2) *Breach of the duty of good faith and fair dealing:* plaintiffs' complaint also contains allegations to support an independent cause of action for breach of this duty. Whether defendants are in fact bound by this duty under the NASD Rules of Fair Practice and the common law, and whether that duty was breached, are questions for the arbitrator to decide.

We conclude that plaintiffs must strike the remaining three claims from their Statement of Claim:

■ (1) Exchange Rule violations: this claim appears for the first time in the Statement of Claim, and alleges that defendants ignored the rules and regulations of the securities industry, including NASD rules. We do not see this as a separate and independent cause of action, but as a conclusory restatement of plaintiffs' claims for breach of contract and securities violations which we have determined are arbitrable.

■ (2) Respondeat superior liability: this is not a separate cause of action in accordance with *Hofmann*, but rather a theory of liability. *Hofmann*, 984 F.2d at 1382.

■ (3) RICO violations: the allegations in plaintiffs' Complaint do not encompass a RICO violation; therefore it is a claim submitted for the first time directly to arbitration more than six years after the relevant occurrence and is barred by § 15.

### III. *Conclusion*

Defendants seek to enjoin any claims that are ineligible for arbitration under § 15. With the exceptions set forth above, all of plaintiffs' remaining claims are eligible for arbitration because they were directed to arbitration by this Court. Accordingly, we

will vacate the injunction on these claims and direct that the parties proceed to arbitration. Plaintiffs are reminded of the Order of this Court requiring that they amend their statement of claim to eliminate any reference to the VMS Partnership Claims. Plaintiffs are further ordered to eliminate new claims of exchange rule violations, respondeat superior liability, and RICO violations from the Statement of Claim.